ROBERT REIS & CO. v. VOLCK.

(Supreme Court, Appellate Division, First Department. June 7, 1912.)

1. MONEY RECEIVED (§ 1*)—NATURE AND GROUNDS OF OBLIGATION.

An action for money had and received to the use of another is the form in which the courts of law enforce equitable obligations; and, whenever one person has in his possession money which he cannot conscientiously retain from another, the latter without other privity may recover it in an action for money had and received.

[Ed. Note.—For other cases, see Money Received, Cent. Dig. § 1; Dec. Dig. § 1.*]

2. PRINCIPAL AND AGENT (§ 78*)—ACTION FOR PROFITS—PLEADING.

In a principal's action against his agent for money received, based on the agent's sales of competing goods, in violation of his contract to give plaintiff his exclusive services, an allegation in the complaint of loss of profits, when abandoned by plaintiff, may be disregarded.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 162–177; Dec. Dig. § 78.*]

3. PRINCIPAL AND AGENT (§ 48*)—DUTY OF AGENT—FAIRNESS IN DEALING WITH PRINCIPAL.

An agent is bound to the utmost fairness in his dealings with respect to his principal's business.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 78; Dec. Dig. § 48.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. PRINCIPAL AND AGENT (§ 78*)—ACTION FOR WRONGFUL ACTS OF AGENT—
PROFITS.

Where an agent on a fixed salary agreed to give his services exclusively
to the principal in the sale of the principal's goods, and in violation of
such agreement and without the principal's knowledge carried for sale
on his own account a line of competing goods, the principal, without
proving loss of profits, or otherwise, might recover the profits from such
wrongful acts of the agent as money had and received to his use.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§
162–177; Dec. Dig. § 78.*]

Dowling, J., dissenting.

Appeal from Trial Term, New York County.

Action by Robert Reis & Co. against John E. Volck. From a judgment dismissing the complaint at the close of plaintiff's case, plaintiff appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Harold Nathan, of New York City, for appellant.
Robert H. Roy, of Brooklyn, for respondent.

SCOTT, J. Defendant was employed by plaintiff as a salesman upon a drawing account and commission. His employment was to sell underwear in a specified territory, and he agreed to give his services exclusively to plaintiff, except that he was permitted to sell for his own account hosiery, which did not compete in any way with the goods he was to sell for plaintiff. In violation of his agreement to give plaintiff his exclusive services, and without the knowledge of plaintiff, he carried for sale and sold for his own account a line of underwear similar to that sold by plaintiff. This action is brought to recover the profits made by defendant through selling this competing line of merchandise. The complaint is framed in a double aspect, and might have been open to the objection of duplicity if such objection had been taken in time. After stating the facts, it is alleged that the plaintiff lost profits which it would have made if the defendant had properly performed its agreement, and also that the defendant had made large profits which rightfully belonged to the plaintiff. At the trial, plaintiff gave no proof of loss of profits and refused to ask for nominal damages, as such, for his breach of agreement, and rested, as it now rests, upon its assertion of the right to recover the profits made by plaintiff as money had and received to plaintiff's use.

If the plaintiff, under the facts proven, is entitled to recover the profits realized by defendant, there is no doubt that an action for moneys had and received is an appropriate remedy.

[1] "The action for money had and received to the use of another is the form in which the Courts of Common Law enforce equitable obligations. * * * Whenever one person has in his possession money which he cannot conscientiously retain from another, the latter may recover it in the form of an action subject to the restrictions that the mode of trial and relief which can be given in a legal action are adapted to the exigencies of the particular case, and that the transac-

tion is capable of adjustment by that procedure without prejudice to the interests of third persons. No privity of contract between the parties is required, except that which results from the circumstances. The right on the one side and the correlative duty on the other create the necessary privity and justifies the implication of a promise by the defendant to do that which justice and equity require." Roberts v. Ely, 113 N. Y. 128, 20 N. E. 606.

[2] If we disregard the allegation of a loss of profits, as we may do since the plaintiff has abandoned that claim, the complaint sets forth a good cause of action for money had and received, if its main contention be justified that the profits realized by defendant in selling goods in violation of his agreement are moneys which in equity and good conscience belong to plaintiff. There is nothing, therefore, in the form of the complaint to prevent a recovery of the profits as such.

[3] On the main proposition for which plaintiff contends there seems to be no direct authority in this state. The rigid rules, however, which bind an agent to the utmost fairness in his dealings with respect to his principal's business, are universal in their application, and are well understood. The only difficulty that ever arises lies in their application to the facts of a particular case. It has been said that the reason for these rigid rules respecting agents is that all temptation shall be removed from one acting in a fiduciary capacity to abuse his trust or seek his own advantage in the position which it affords him. Mechem on Agency, § 469.

[4] One of these rules is that, where an agent contracts for his entire time (and his entire services stand on the same basis) to his principal for a fixed salary, the principal is entitled to receive any money earned by the agent in performing services for third persons. Mechem on Agency, § 471. More especially is this true when the business engaged in is one which, in its very nature, competes with that of the principal for then there is a double breach of duty. Not only is the principal deprived of the services for which he has contracted, but he finds these services turned against himself. As it is said in 31 Cyc. 1433, summarizing a great number of decisions:

"In the absence of a clear consent of the principal, the agency relation denies to the agent the right to engage in any business or dealings on his own account of the same character as the principal's, or of a kind to take the time he has contracted to give to the principal, although, where the agent has not contracted to give his full time to the principal, there is nothing to prevent him from engaging in other business or having other interests which do not interfere with or threaten the principal's interests."

An instructive and able opinion as to the duty of an agent to his principal was that delivered by Sanborn, Circuit Judge, for the United States Circuit Court of Appeals, Eighth Circuit, in Trice v. Comstock, 121 Fed. 620, 57 C. C. A. 646, 61 L. R. A. 176. He said:

"For reasons of public policy founded in a profound knowledge of the human intellect and of the motives that inspire the actions of men, the law peremptorily forbids every one who in a fiduciary relation has acquired information concerning or interest in the business or property of his correlate from using that knowledge or interest to prevent the latter from accomplishing the purpose of the relation. If one ignores or violates this prohibition,

136 N.Y.S.—24

the law charges the interest or the property which he acquires in this way with a trust for the benefit of the other party to the relation, at the option of the latter, while it denies to the former all commission or compensation for his services. This inexorable principle of the law is not based upon, nor conditioned by, the respective interests or powers of the parties to the relation, the times when that relation commences or terminates, or the injury or damage which the betrayal of the confidence given entails. It rests upon a broader foundation, upon that sagacious public policy which, for the purpose of removing all temptation, removes all possibility that a trustee may derive profit from the subject-matter of his trust, so that one whose confidence has been betrayed may enforce the trust which arises under this rule of law although he has sustained no damage, although the confidential relation has terminated before the trust was betrayed, although he had no legal or equitable interest in the property, and although his correlate who acquired it had no joint interest in or discretionary power over it. The only indispensable elements of a good cause of action to enforce such a trust are the fiduciary relation and the use by one of the parties to it of the knowledge or the interest he acquired through it to prevent the other from accomplishing the purpose of the relation. And, within the prohibition of this rule of law, every relation in which the duty of fidelity to each other is imposed upon the parties by the established rules of law is a relation of trust and confidence. The relation of trustee and cestui que trust, principal and agent, client and attorney, employer and employé, who through the employment gains either an interest in or a knowledge of the property or business of his master, are striking and familiar illustrations of the relation. From the agreement which underlies and conditions these fiduciary relations, the law both implies a contract and imposes a duty that the servant shall be faithful to his master, the attorney to his client, the agent to his principal, the trustee to his cestui que trust, that each shall work and act with an eye single to the interest of his correlate, and that no one of them shall use the interest or knowledge which he acquires through the relation so as to defeat or hinder the other party to it in accomplishing any of the purposes for which it was created."

The attempts on the part of agents and others engaged in a fiduciary capacity to obtain an undue advantage from that relation have taken many forms, restricted in number only by the limitations of human ingenuity, but the law has never faltered in its insistence that an unfaithful agent may not retain and enjoy the fruits of his unfaithfulness. It is objected that the right to recover profits realized by an agent is limited to cases in which he has dealt improperly with the subject of his agency, or has engaged in a business competing with that of his principal. If that be true, we find both elements existing in the present case. The subject of defendant's agency was the sale of underwear, and, while plaintiff was unable to specify instances in which sales of its underwear were interfered with and prevented by the defendant's attempts to sell other underwear, we are bound to indulge in the presumption that there was such interference. It is contrary to the common experience of human nature to presume that defendant, having underwear to sell for his own profit, would give that energy and effort to the sale of plaintiff's goods that his contract and duty required. His duty was to give plaintiff the benefit of his exclusive services in selling underwear, and if he failed to do so, but devoted a part of his efforts to selling other underwear, he was using for his own profit that which he had contracted to give to plaintiff.

It is also said that the rule contended for by plaintiff is limited to cases in which the agent is in receipt of a fixed salary. Without con-

ceding that there is any logical reason for such a limitation, it is a sufficient answer to the objection to point out that defendant was in receipt of a fixed and certain salary. It is called a drawing account, and was chargeable against his commissions if he earned so much. But he was not to repay anything even if the commissions fell short of the amount stipulated to be drawn, so that his compensation really amounted to a fixed salary, which might be augmented by commissions. The case as we find it therefore is that an agent who, for a fixed and irreducible compensation, has agreed to devote his entire services to the selling of a certain line of goods for his principal, has surreptitiously engaged for his own profit in selling a similar line of goods in competition with his principal's business. In our opinion he cannot be permitted to retain the profits of his unfaithful acts, and the principal is entitled to recover them, without proving damage to himself by loss of profits or otherwise.

The judgment appealed from is therefore reversed, and a new trial granted, with costs to appellant to abide the event.

INGRAHAM, P. J., and McLAUGHLIN and CLARKE, JJ., concur.

DOWLING, J. I dissent, upon the ground that plaintiff has neither proved any damage sustained by reason of defendant's acts, nor are the sales of other goods made by him proven to have been made to plaintiff's prejudice, nor as a substitute for possible sales of plaintiff's goods.

