### ECONOMY BALER CO. v. COHEN.

(Circuit Court of Appeals, Second Circuit. January 25, 1924.)

No. 163.

1. **Principal and agent �köm69(1)—Agent may not engage in transactions detrimental to interests of principal.**
     Plaintiff, as agent for the sale in a specified territory of balers manufactured by defendant, violated his duty and contract by taking secondhand balers made by defendant in part payment for new ones, without defendant's consent, and by selling the same on his own account, with the effect of lessening the market for new machines.

2. **Evidence ⊂⊃241(1)—Declarations held properly excluded as irrelevant.**
     Declarations, though of one so related to plaintiff that they would be admissible against him, if relevant, *held* properly excluded as irrelevant to the issues.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Northern District of New York.

Action at law by Harris C. Cohen against the Economy Baler Company. Judgment for plaintiff, and defendant brings error. Reversed.

Writ of error to a judgment of the District Court for the Northern District of New York in favor of plaintiff below against defendant below for $2,613.81. The parties will be referred to as aligned below. The action was brought to recover certain sums claimed by plaintiff to be due him as commissions and allowances under certain yearly contracts between him and defendant.

Defendant is a Michigan corporation engaged in the manufacture and sale of baling machines. Plaintiff under certain yearly contracts was appointed "manager of sales of the Economy balers" in certain specified territory in New York and New Jersey and in Philadelphia. The contracts were substantially alike in form and in substance, and all provided for termination on 30 days' notice. Plaintiff's agency was duly terminated by defendant on December 1, 1921.

Under these contracts (plaintiff being party of the second part, and defendant party of the first part) it was provided: "Party of the second part agrees to devote his time and energies to the sale of baling presses and other goods manufactured and sold by the party of the first part, and not to be interested, directly or indirectly, in the sale of any other baling machines, except those manufactured and sold by party of the first part. Party of the second part further agrees to render any assistance within reason requested by party of the first part in aiding the home office in handling accounts and other business details. It is agreed between the parties that all sale orders shall be taken on order blanks furnished by the Economy Baler Company and all orders are to be taken subject to acceptance at the home office of the Economy Baler Company at Ann Arbor, Mich., and all accounts and collections shall be handled by the said home office."

Other parts of the contract carry out the dominant idea of agency expressed in the extract from the contract, supra. The main defense, as pleaded and developed on the trial, was that plaintiff had violated his agreement by failing to devote his time and energy to the interest of defendant, and instead had traded for his own account in secondhand balers of defendant's manufacture, as well as of other manufacture. Certain counterclaims were set up, but we deem it unnecessary to comment on these, because the result below was substantially a matter of the quality of proof offered.

By reason of a stipulation between the parties, the amount in controversy was not in dispute; i. e., $2,574.61. There was testimony adduced by defendant showing some dealings by plaintiff in secondhand machines of makes other than those of defendant. There was a transaction involving the purchase of some Modern Leader balers from the Red Cross; but there was testimony as to facts constituting a waiver, and that question was properly sent to the jury. The main grievance of defendant was that plaintiff by his agents had secretly turned his energy and ability to dealing in secondhand Economy balers for his own profit and at the expense of new business of defendant. There was one such transaction, involving some secondhand balers, which defendant, by letter dated May 4, 1919, to Shulman, plaintiff's agent, agreed to and authorized. But whether any other transactions, by virtue of the conduct of the parties, were agreed to or authorized or acquiesced in, so as to eliminate the provisions of the contract in that regard, so developed on the trial as to become questions of fact for the jury.

The court charged the jury as follows: "I charge you that taking Economy balers, secondhand Economy balers, in exchange for new Economy balers, part payment for them, is not a violation of this contract, nor is the dealing in the secondhand Economy balers manufactured by the Economy Baler Company a violation of the contract. * * * If you are satisfied by a fair preponderance of the evidence that there were secondhand balers which were bought and sold by Cohen during this period of time, without the knowledge of the Economy Baler Company, then you may find that Cohen has committed a breach of contract. *That does not apply to any secondhand Economy Balers.* * * *"

Charles Green Smith, of New York City, for plaintiff in error.

Chapman, Newell & Crane, of Syracuse, N. Y., for defendant in error.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

MAYER, Circuit Judge (after stating the facts as above). [1] 1. We think it is too plain for argument that plaintiff was to devote his time and energy to the sale of balers and other goods manufactured and sold by defendant. To that end he was to take sales orders and use order blanks furnished by defendants; all orders were to be taken subject to acceptance at the home office of defendant and all accounts and collections were to be handled by the home office. Instead of this, there seems to be no question that plaintiff traded, among other things, in secondhand balers, which had already been sold by defendant directly or indirectly to consumers, and plaintiff did not send order blanks to the home office of defendant, and so handled the situation that defendant did not collect any accounts, but, on the contrary, the testimony would have justified the jury in concluding that plaintiff was conducting a business independent of defendant.

It is apparent that defendant entered into agency agreements with plaintiff and accorded to him valuable selling territory for the purposes of increasing its sale of newly manufactured goods and not for the purpose of permitting plaintiff, as its agent, to deal in secondhand goods of its own manufacture, which naturally might decrease its sales or output of original goods. The duty of plaintiff under the contract was clear, and, if he violated that duty, he was, of course, not entitled to recover. Trice v. Comstock, 121 Fed. 620, 57 C. C. A. 646, 61 L. R. A. 176; Commonwealth Finance Corp. v. McHarg (C. C. A.) 282 Fed. 563; Reis & Co. v. Volck, 151 App. Div. 613, 136 N. Y. Supp. 367.

The court should have charged the jury that taking secondhand Economy balers in exchange for new Economy balers in part payment for them, or dealing in secondhand Economy balers manufactured by defendant, constituted a violation of the contract between the parties, and then should have left to the jury the question as to whether or not defendant, because of its knowledge and conduct, had subsequent to the making of the contracts agreed to or acquiesced in or waived such violation of the contracts. In the circumstances disclosed by this record, the error in construing the contracts contrary to what we have indicated was prejudicial.

[2] 2. If as a result of our decision the case should be tried again, it is necessary to refer to but one ruling of the court. Shulman was Cohen's manager. Brown, a witness, was called and asked whether he ever had a talk with Shulman on the subject of the profit in secondhand machines. The conversation was excluded. He was also asked whether he had a talk with Shulman on the subject of the relative profits in dealing in secondhand machines and commissions on the sale of new machines and what the profits were in the secondhand business. The court ruled that defendant could show any admissions of Shulman and others similarly situated, made as to the fact as to whether or not there was a sale of secondhand balers, but that the witness

could not testify to conversations as to the amount of profit or the relative profit in the secondhand business as compared with commission on new business. We think this ruling was right, as the issue was whether plaintiff had violated his contract when trading in secondhand balers. Declarations made by Shulman, within the scope of his duties and during his employment, as to relevant matters, would have been admissible under familiar principles. La Abra Silver Mining Co. v. United States, 175 U. S. 423, 498, 20 Sup. Ct. 168, 44 L. Ed. 223. But the questions were, in effect, directed to a comparison of relative profits, and that inquiry was irrelevant to the issues.

Judgment reversed.