■ SAM SCHWARTZ, Respondent, v HARRY DICKSTEIN et al., Doing Business as LOAF-EEZ SPORTSWEAR, et al., Appellants.—Orders of the Supreme Court, New York County, entered November 13, 1975 and January 8, 1976, unanimously modified on the law and on the facts and in the exercise of discretion, without costs, and without disbursements, to direct plaintiff to appear at Special Term, Part 2, on a date to be specified in the order to be settled hereon, for examination on the allegations of the counterclaim of defendant Loaf-Eez Sportswear, at which time plaintiff shall produce those records necessary to aid in such examination. If it becomes necessary, defendant may thereafter seek discovery and inspection of specifically designated documents in accordance with CPLR 3120. As so modified, the orders are affirmed. In this action for breach of employment contract, conversion and fraud, the counterclaim of defendant Loaf-Eez alleged that plaintiff undertook to work as a salesman exclusively for said defendant on a commission basis (later modified to salary and commission). It was alleged that plaintiff, in violation of his agreement of employment, diverted customers of said defendant to other businesses and received compensation therefor, and that such activity by plaintiff resulted in loss of profits to said defendant. In effect, the counterclaim alleged a cause of action for money had and received and breach of contract for which said defendant sought recovery from plaintiff of the compensation plaintiff received from the others and damages for the loss of profits (Reis & Co. v Volck, 151 App Div 613; Newman v Guaranty Trust Co. of N. Y., 243 App Div 633). There was no allegation that plaintiff was entrusted "in a confidential relation with money or property". Accordingly, the counterclaim was not for an accounting (Carmody-Wait, NY Prac., § 29:921, p 443). Hence the court below was in error in applying the rule that said defendant was not entitled to the items sought until it established its right to an accounting. The information sought by said defendant in the examination before trial of plaintiff may be relevant to said counterclaim. However, the notice of deposition was too broad, in that the production of records sought thereby was tantamount to general discovery (Arett Sales Corp. v Island Garden Center of Queens, 25 AD2d 546, 547). Although the examination has already been held, and it appears that the parties construed the orders as affecting the scope of the examination not to include the issues raised by the counterclaim, we believe that another examination is warranted. The notice of deposition is modified as hereinabove set forth (Rios v Donovan, 21 AD2d 409, 414). Contrary to plaintiff's contention, the orders appealed from were not superseded and made unappealable by Justice Gellinoff's subsequent order, dated January 30, 1976, and defendants' failure to appeal therefrom. Since said subsequent order denied defendants' further motion for reargument, it was not appealable. If the order of January 30, 1976 were considered as having granted reargument and having adhered to the original decision, thereby making such order appealable, no separate appeal would have been necessary and such subsequent order could be reviewed on appeal from the early orders (CPLR 5517, subds [a], [b]). Concur—Markewich, J. P., Murphy, Birns, Capozzoli and Nunez, JJ.