■ SAM SCHWARTZ, Respondent, v HARRY DICKSTEIN et al., Appellants.— Order, Supreme Court, New York County, entered April 14, 1977, denying defendants' motion to direct plaintiff to answer certain questions which he previously refused to answer at an EBT; denying defendants' motion to compel production of certain records in aid of examination; and denying discovery and inspection of other documents; unanimously modified, on the facts and in the exercise of discretion, to the extent of reopening the examination, directing plaintiff to answer all questions concerning commissions from all sources which he earned while employed by defendants, and to produce all records in aid of examination demanded by defendants, including tax returns, and otherwise affirmed, without costs or disbursements. The plaintiff, Sam Schwartz, was employed by the defendants as a commission salesman and brought this suit, *inter alia,* to recover unpaid commissions. The defendants interposed an answer asserting various affirmative defenses and a counterclaim. The counterclaim alleges that plaintiff violated his agreement with the defendants, maintained a showroom, and sold goods on behalf of others to the detriment of the defendants in the amount of $500,000. Defendants served a notice to take plaintiff's deposition and ultimately were granted the right to a further examination to inquire relative to the counterclaim, and plaintiff was directed to produce documents in aid of that examination *(Schwartz v Dickstein,* 54 AD2d 662). During the course of such further examination, the plaintiff admitted that he had sold merchandise to six specifically named firms but refused to respond to questions about the amount of commissions. He claimed further to have kept no records of sales made for those companies. We find that the questions propounded were material to the counterclaim, and plaintiff's failure to respond was in contravention of the prior order of this court. In view of the fact that plaintiff claims that he kept no record of his commissions other than as reported by him on his tax returns, we find it appropriate in this case that they be produced in aid of the examination. However, we note that the branch of the motion seeking discovery and inspection pursuant to CPLR 3120 was properly denied. The demand was overly broad and the continued examination of defendant should be used to identify further the specific documents needed, at which time a renewed demand pursuant to CPLR 3120 may be made if counsel is so advised. Concur— Kupferman, J. P., Birns, Capozzoli and Lane, JJ.