Matter of Jaskaran v City of New York (2021 NY Slip Op 06762)





Matter of Jaskaran v City of New York


2021 NY Slip Op 06762


Decided on December 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 02, 2021

Before: Webber, J.P., Friedman, Oing, Shulman, Pitt, JJ. 


Index No. 160222/19 Appeal No. 14738 Case No. 2021-00340 

[*1]In the Matter of Jack Jaskaran, Petitioner-Appellant,
v
The City of New York et al., Respondents-Respondents.


Goldberg & McEnaney, LLC, Port Washington (Timothy McEnaney of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Diana Lawless of counsel), for respondents.



Judgment (denominated an order), Supreme Court, New York County (Carol R. Edmead, J.), entered on or about July 23, 2020, which, to the extent appealed from as limited by the briefs, denied, sub silentio, petitioner's request for attorneys' fees and dismissed the proceeding brought under CPLR article 78, unanimously modified, on the law, to reinstate the proceeding, grant the petition to the extent of granting petitioner's request for attorneys' fees, and remand the matter for further proceedings consistent with this order, and otherwise affirmed, without costs.
Petitioner has established that he is entitled to recover attorneys' fees, since he "substantially prevailed" in the article 78 proceeding and respondents had "no reasonable basis for denying access" to the records under the Freedom of Information Law (FOIL) (Public Officers Law § 89[4][c][ii]; see Matter of Rauh v de Blasio, 161 AD3d 120, 126-127 [1st Dept 2018]). Upon petitioner's FOIL request seeking the contents of a medical screening manual used by the New York City Police Department, respondents, relying on Public Officers Law § 87(2)(d) among other sections of the statute, produced only the manual's cover, title page, and table of contents, maintaining that they lacked the necessary permission from the manual's developer to release the rest of the manual. After petitioner commenced this article 78 proceeding, however, respondents produced the rest of the manual in unredacted form, except for the appendices, with their response to the petition. Under these circumstances, petitioner substantially prevailed within the meaning of Public Officers Law § 89(4)(c) (see Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 79 [2017]; Matter of Dioso Faustino Freedom of Info. Law Request v New York City, 191 AD3d 504, 505 [1st Dept 2021]).
Furthermore, respondents have not established that they had a "reasonable basis" for withholding production under Public Officers Law § 87(2)(d). Respondents concede that they sought permission from the manual's developer to release the information only after receiving the article 78 petition, suggesting that the disclosure was prompted solely by petitioner's resort to litigation and that respondents could have sought permission in response to the FOIL request itself. This fact militates against a finding that the agency had a "reasonable basis" for withholding production (Matter of Madeiros, 30 NY3d at 79; Matter of Kohler-Hausmann v New York City Police Dept., 133 AD3d 437, 438 [1st Dept 2015]). What is more, although the manual provision upon which respondents rely requires "written consent" from the developer before disclosure, respondents have never produced any written consent from the developer, do not claim that they ever received written consent, and claim only that they received "consent."
Supreme Court's order, entered January 19, 2021, denying petitioner's motion for reargument, of which we take judicial notice, does not compel dismissal [*2]of this appeal as moot. To the extent that the order effectively granted reargument, and, upon reargument, adhered to the prior decision to deny attorney's fees, no separate appeal is necessary, since the later order can be reviewed on appeal from the earlier order (CPLR 5517[a]; Schwartz v Dickstein, 54 AD2d 662, 662 [1st Dept 1976]).
In light of the foregoing, we need not reach respondents' remaining contentions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2021