BFG 104 LLC v Greenwich Business Capital, LLC (2024 NY Slip Op 01890)

BFG 104 LLC v Greenwich Business Capital, LLC

2024 NY Slip Op 01890

Decided on April 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 09, 2024

Before: Webber, J.P., Moulton, Kennedy, Rodriguez, O'Neill Levy, JJ. 

Index No. 652255/23 Appeal No. 2001 Case No. 2023-04313 

[*1]BFG 104 LLC, Respondent,
v
Greenwich Business Capital, LLC et al., Appellants, Danielle Desrosiers, Defendant.

Carter Ledyard & Milburn, LLP, New York (Jacob H. Nemon of counsel), for appellants.
Golenbock Eiseman Assor Bell & Peskoe LLP, New York (Elizabeth C. Conway of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about June 21, 2023, which granted plaintiff's motion for a preliminary injunction, unanimously affirmed, with costs.
Supreme Court providently exercised its discretion in granting plaintiff's motion for a preliminary injunction (see Gilliland v Acquafredda Enters., LLC, 92 AD3d 19, 24-25 [1st Dept 2011]). Contrary to defendants' contention, the motion was not one for mandatory injunctive relief, as no affirmative action was required of them (see Spectrum Stamford, LLC v 400 Atl. Tit., LLC, 162 AD3d 615, 616-617 [1st Dept 2018]); the injunction enjoined defendants from interfering with or diverting monies that plaintiff was contractually entitled to receive. In any event, plaintiff's affidavit that it would likely default on its obligations to its lenders and go out of business absent an injunction enjoining defendants from diverting collections to themselves, was sufficient to establish irreparable harm (see Advent Software, Inc. v SEI Global Servs., Inc., 195 AD3d 498, 499 [1st Dept 2021]; Asprea v Whitehall Interiors NYC, LLC, 206 AD3d 402, 403 [1st Dept 2022]).
Defendants' contentions, raised for the first time on appeal, that plaintiff cannot succeed on the merits and that the equities favored defendants, were rendered moot by the court's subsequent order, which modified the preliminary injunction by clarifying that the injunction applied to merchants listed on schedule A of the 61 purchase and sale agreements and also increased the amount of the undertaking to $500,000. Although the subsequent order was not directly appealed, it was an appealable order made on notice by defendants; thus, no separate appeal was necessary and the subsequent order can be reviewed on appeal from the earlier order (see Schwartz v Dickstein, 54 AD2d 662, 662 [1st Dept 1976]; CPLR 5517[a], [b]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 9, 2024