■ MAIN PLACE PHARMACY CORPORATION, Appellant-Respondent, v CENTRAL BUFFALO PROJECT CORPORATION, Respondent-Appellant.—Order unanimously affirmed, without costs. Memorandum: Plaintiff appeals from Special Term's denial of its motion for a protective order as to paragraph 10 of defendant's notice to take deposition upon oral examination, and defendant appeals from that part of the same order which granted the motion as to paragraphs 12 through 15 of the notice. While the complaint seeks multiple relief, we are only concerned here with defendant's counterclaim which is based upon a clause in the lease requiring plaintiff to pay additional rent of 5% of annual gross sales in excess of $400,000. At issue is the amount of such additional rent due from plaintiff to defendant for the period from October 1, 1970 through June 30, 1974. The auditor retained by plaintiff concluded that defendant was owed additional rent and interest in the sum of $11,960. Defendant's auditor, who examined plaintiff's records under authority of the lease, found that the additional rent, interest and audit fees owed by plaintiff amounted to more than $56,000. Paragraph 10 of defendant's notice requires production of "all correspondence, records, memoranda and sampling data relative to audit made by Mr. Lawrence M. Doherty". The material sought bears upon the ultimate determination made by plaintiff's auditor, and in light of the disparity between the two audit reports, is "material and necessary" in the determination of the action (CPLR 3101, subd [a]). Its production will serve to "expedite the trial and sharpen the issues" *(Avco Security Corp. v Post,* 42 AD2d 399). Plaintiff's contention that the records sought are not in its possession, custody or control (CPLR 3111) is without merit. Plaintiff was solely responsible for hiring and paying the auditing firm, and the auditor is no less an agent or employee of plaintiff because the results of the audit were furnished to the defendant under the terms of the lease. While CPLR 3101 should be interpreted liberally to require disclosure *(Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403), defendant's demand in paragraph 12 for the production of other corporate books and records, and its demands in paragraphs 13 through 15 for payroll, salary and wage records of the Ballocino family, and for their personal tax returns and personal bankbooks, checkbooks and other financial documents, all seek records which are not material and necessary to the prosecution or defense of the action and are not the proper subject of disclosure in this case. (Appeals from order of Erie Supreme Court —examination before trial—protective order.) Present—Marsh, P. J., Moule, Dillon, Goldman and Witmer, JJ.