OPINION OF THE COURT
Allen Murray Myers, J.
In 1972, the City of New York (the City) solicited bids from contractors for the general construction, electrical, plumbing and heating and ventilating work in connection with the construction of the Family and Criminal Court building in Bronx County (Family Court). Each prospective bidder was informed in bid documents of the specific items of work they would have to perform to complete the various phases of the *1109 construction. Cauldwell-Wingate Co., Inc., Meyerbank Electric Co., Inc., S & M Plumbing, Inc., and Martin Mechanical Co., Inc., after having computed in their bid estimates their anticipated costs and profits to complete each item of work on the project submitted lump-sum bids to the City. Thereafter the City awarded to the four contractors the general construction, electrical, plumbing and heating and ventilating contracts, respectively.
By the terms of each of the four contracts the contractors agreed to (a) perform the work specified in the bid documents and (b) complete their work in 720 days.
The contractors, however, did not complete their work in 720 days as a result of various delays.
After substantially completing their work, the contractors each commenced suit against the City seeking breach of contract damages specifically alleging damages for delay and protest work.
Thereafter, in an attempt to determine the validity of plaintiffs’ claims, the City requested the contractors to produce their bid estimates claiming that the documents may contain admissible evidence for trial and may supply information which may lead the City to other admissible evidence. Cauldwell-Wingate Co.,Inc., Meyerbank Electrical Co., Inc., and S & M Plumbing refused this request. However, plaintiffs object only to revealing the cost and financial computations in their bid estimates. Plaintiffs argue that the estimated costs underlying their respective bids are not relevant and they are trade secrets which if revealed would place them at a competitive disadvantage in the bidding on future construction jobs.
i
CPLR 3101 (subd [a]) requires full disclosure of "all evidence material and necessary” to the defense of the action. As interpreted by the courts, this includes any information which is related sufficiently to the issues in litigation. (Allen v Crowell-Collier Pub. Co., 21 NY2d 403.) The test the court enunciated to determine this is one of usefulness and reason. This permits discovery of documents which may not even be admissible at trial if they potentially may lead to relevant evidence. (West v Aetna Cas. & Sur. Co., 49 Misc 2d 28, mod and affd 28 AD2d 745.)
Granted that the measure of delay damages is not the *1110 difference between the contractor’s bid estimate and the actual cost but the difference between what the cost would have been on the undelayed date or the target date and the actual cost on the delayed date. However, in order to determine what the cost would have been on the target date, the opposing party should have the privilege of showing what the contractor himself considered the cost would be. The trier of the facts could consider that evidence together with other evidence in determining that issue.
In addition to the above, the modern trend of the courts is to liberally construe the disclosure statutes to afford a party all discovery that may aid in its defense, encourage disposition, eliminate issues, and shorten trials of a case. (Main Place Pharmacy Corp. v Central Buffalo Project Corp., 55 AD2d 1007; Kenford Co. v County of Erie, 41 AD2d 586; Allen v Crowell-Collier Pub. Co., supra.)
n
THE SECRECY ISSUE
Plaintiff Martin Mechanical Corporation has complied with the court’s informal oral order to furnish for discovery and inspection its bid estimates including costs and financial figures. The other plaintiffs argue that the cost and financial figures underlying their 1972 bids are trade secrets which while not exempt from disclosure the court in its discretion should not order disclosed.
I am not wont to do so. Firstly, I am not persuaded that these figures are now trade secrets the disclosure of which at this late date will materially affect the plaintiffs. Secondly, it is the duty of the courts to carry out the mandate of the Fifth Amendment guarantee of due process of law by insuring that all relevant and admissible evidence be produced at a trial. (United States v Nixon, 418 US 683, 711.)
The New York Court of Appeals has stated in Sackler v Sackler (15 NY2d 40, 44) that, "The basic rule is that all competent, substantial, credible and relevant evidence is to be available to the courts.”
Where a party brings an action against another in which he affirmatively puts in issue even privileged matter, he waives the privilege. (Koump v Smith, 25 NY2d 287, 294 [personal injury action — physician-patient privilege]; see Richardson, Evidence [10th Ed], § 444 [for judicially created exceptions to *1111 the physician-patient privilege]; Sindona v Tisch, NYLJ, April 11, 1979, p 1, col 4 [waiver of Fifth Amendment privilege against self incrimination].)
In the case at bar, the plaintiffs, by bringing this action for damages, caused by unanticipated delay and protest work, have affirmatively put in issue what it was they did contemplate in formulating their bids. So that even if, arguendo, the cost figures were trade secrets they would have to be disclosed. Obviously, if a constitutionally protected Fifth Amendment privilege can be waived by bringing a civil suit for damages, then the lesser protection afforded a trade secret can be waived.
The motion for discovery and inspection is therefore granted. The plaintiffs are directed to make available to the City all of its bid records forthwith.