(January 14, 1986)

■ DEMETRIA LU, Appellant, v LOLITA BETANCOURT, Respondent.—Order, Appellate Term of the Supreme Court, First Department (Thomas J. Hughes, J. P., Jawn A. Sandifer, Stanley Parness, JJ.), entered February 1, 1985 affirming an order of the Civil Court, New York County (Kristen Booth Glen, J.), entered December 22, 1983, finding petitioner guilty of criminal and civil contempt, fining the petitioner the sum of $250 plus costs and expenses and jailing her for 30 days for criminal contempt and for civil contempt until she complied

with the court's order of November 16, 1983, unanimously modified, on the law, without costs, to delete the commitment for criminal contempt, and, as so modified, affirmed.

Petitioner-appellant Lu (hereinafter petitioner) commenced a summary holdover proceeding to evict respondent from premises at 674 Academy Street, New York County. Respondent answered by raising the statutory warranty of habitability (Real Property Law § 235-b) as a counterclaim and setoff. After a hearing at which evidence was adduced showing that petitioner had not provided her tenants with heat or hot water, petitioner was directed, in an order dated November 16, 1983, to restore heat and hot water to the premises by November 18, 1983 in accordance with the Housing Maintenance Code and Multiple Dwelling Law. Subsequently, respondent moved by order to show cause to hold petitioner in civil contempt pursuant to Judiciary Law § 753 for failure to comply with the November 16 order. It is undisputed that personal service of the order to show cause was never made upon petitioner, and that no mention was made in the show cause order of the possibility that petitioner would be held in criminal as well as civil contempt. At the conclusion of a hearing held on December 22, 1983, petitioner was found guilty of criminal and civil contempt, fined $250 plus costs and expenses, and ordered imprisoned for 30 days for criminal contempt. Petitioner was also ordered imprisoned for civil contempt until the November 16 order was complied with. The lower court's order was affirmed by the Appellate Term, which granted petitioner leave to appeal to this court.

Initially, we note that the Housing Part of the New York City Civil Court has authority to "employ any remedy, program, procedure or sanction authorized by law for the enforcement of housing standards" (CCA 110 [c]). It has been established that this broad grant of remedial power authorizes the court in the context of summary eviction proceedings to direct that housing violations be corrected. (See, e.g., N. A. Dev. Co. v Jones, 99 AD2d 238 [1st Dept 1984].) If corrections are not made the landlord may be held in contempt. (Supra.) Petitioner's claim that the Civil Court had no jurisdiction to issue the November 16, 1983 order and the subsequent civil contempt order is, therefore, meritless.

Also without merit is petitioner's claim of compliance with the November 16 order on the ground that it does not unequivocally direct a continuous course of remedial conduct. The order is perfectly clear, directing that violations of the Housing Maintenance Code and the Multiple Dwelling Law be

corrected on or before November 18, 1983. To assert that momentary correction of these violations complies with the order's command reflects so tortured a reading of the order as not to require further comment.

Similarly lacking in substance is petitioner's contention that there was insufficient evidence in support of her civil contempt conviction. Petitioner's tenants testified that the radiators were cold. The trier of fact was free to credit their testimony and could on this basis find with reasonable certainty that petitioner was guilty of civil contempt.

Petitioner's commitment for criminal contempt is, however, not well grounded. As noted above, petitioner was not personally served with the show cause order. Where the penalty of criminal contempt is sought, failure to personally serve the alleged contemnor constitutes a jurisdictional defect requiring dismissal. *(People v Balt,* 34 AD2d 932 [1st Dept 1970].) It is true that petitioner appeared in response to the show cause order and contested it on the merits, but this does not amount to a waiver of petitioner's jurisdictional objections. A proceeding to punish for criminal contempt arising out of a civil action is considered separate from the civil action and must be properly commenced by personal service upon the alleged contemnor. *(Matter of Murray,* 98 AD2d 93, 98 [1st Dept 1983].)* Personal service on petitioner never having been effectuated, no criminal contempt proceeding was properly commenced against her. Petitioner's conviction and commitment for criminal contempt must therefore be vacated. Concur—Murphy, P. J., Sullivan, Ross, Kassal and Ellerin, JJ.