█ BARRY WILENSKY, Appellant, v JRB MARKETING & OPINION RESEARCH, INC., Respondent.—In an action to recover damages for breach of contract, and for an accounting, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Robbins, J.), dated October 8, 1986, as granted those branches of the defendant's motion which were for a protective order striking the plaintiff's interrogatories numbered 10, 11, 12, 13 and 14, and items numbered 3, 4, 5, 6, 7, 10, 11 and 12 of the plaintiff's notice to produce.

Ordered that the order is modified by (1) deleting the provisions thereof which granted those branches of the defen-

dant's motion which were for a protective order striking the plaintiff's interrogatories numbered 10, 11, 12, 13 and 14, and items numbered 3, 4, 5, 6, 7 and 12 of the plaintiff's notice to produce and substituting therefor provisions denying those branches of the motion, and (2) adding a provision limiting items 10 and 11 of the plaintiff's notice to produce to the documents demanded pertaining to clients procured and serviced by the plaintiff during the periods set forth in the complaint; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the defendant's time to answer the interrogatories in question, and comply with the plaintiff's notice to produce, as limited by this court, is extended until 30 days after service upon it of a copy of this decision and order, with notice of entry.

The defendant is engaged in the business of conducting marketing and research studies on behalf of its clients. The plaintiff was employed by the defendant from 1983 until his March 17, 1986 resignation. The plaintiff claims that, by oral employment contract, the defendant agreed to pay him a sum representing 45% of the "margin" he produced, constituting gross sales less out-of-pocket expenses. He also claims that in early 1985 the oral contract was modified to provide, as additional compensation, an amount equal to 3% of the defendant's gross annual profits.

The plaintiff's causes of action are premised on the defendant's failure to pay $3,500 of the 45% margin for the last trimester of 1985, its failure to pay the 45% margin for the period from January 1986 to March 17, 1986, which the plaintiff alleges is an undetermined sum of at least $40,000, and its failure to pay an "indeterminate" sum representing 3% of the defendant's gross profits for the period May 1, 1985 to March 17, 1986. The plaintiff, whose preaction motion for disclosure (see, CPLR 3102 [c]) was denied because the disclosure then sought was pertinent only on the issue of damages, seeks judgment for $3,500, for 45% of the margin for each of his projects, and for an amount representing 3% of the defendant's gross profits. He also seeks an accounting of the money the defendant received from projects the plaintiff procured and serviced and of the defendant's gross profits. The defendant contends that the plaintiff was to be compensated by salary only, and counterclaims for monetary and injunctive relief, and an accounting. It alleges in its third counterclaim that it developed "customer lists, lists of customer contacts, pricing lists, cost data, and other information of a confidential nature", constituting trade secrets which it claims that the

plaintiff improperly disclosed when setting up a competing business.

By interrogatories numbered 10 through 14, and by items 3 through 7 of his notice to produce, the plaintiff seeks information and documents concerning the customer lists, lists of customer contacts, pricing lists, cost data and "other confidential information" on which the defendant's third counterclaim is premised. By items numbered 10 through 12 of his notice to produce, the plaintiff seeks production of the "Bookings Book" which shows clients, projects and out-of-pocket expenses; the "Invoice Book", which shows what amounts were billed to each client; and "Job Folders", which contain, *inter alia,* receipts for out-of-pocket expenses and "bid sheets". Only the demand for "Job Folders" is limited to those pertaining to the plaintiff's projects. On appeal, the plaintiff concedes that items 10 and 11 should also be so limited.

The defendant, which did not specifically oppose production of such documents as its income tax returns, moved for a protective order on the sole ground that the plaintiff sought "privileged" trade secrets not subject to disclosure. The Supreme Court agreed to the extent of vacating the interrogatories and items presently at issue. As an additional argument for affirmance of the order *(cf., Matter of Prime,* 254 App Div 685, *affd* 278 NY 601), the defendant presently asserts that the plaintiff cannot obtain disclosure of information essentially "fiscal" in nature because he has yet to obtain an interlocutory judgment establishing his right to an accounting *(see, e.g., Schreier v Mascola,* 81 AD2d 909). However, we cannot sustain the order insofar as appealed from on either basis.

The plaintiff's claims are not grounded on a confidential relationship pursuant to which the defendant was entrusted with the plaintiff's property or money. Since this action is therefore not an equitable action for an accounting, the rule prohibiting disclosure of financial information until it is determined that the claimant is entitled to an accounting is inapplicable *(see, Schwartz v Dickstein,* 54 AD2d 662). This action is rather an action at law grounded in breach of contract, notwithstanding that the plaintiff included among his prayers for relief *(cf.,* CPLR 3017) a request for an accounting. A broader approach to disclosure is thus required *(see, Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403).

In our view, the defendant has failed to demonstrate that any of the information and documents presently at issue

constitute trade secrets subject to protection pursuant to CPLR 3103 *(see, Curtis v Complete Foam Insulation Corp.,* 116 AD2d 907, 908; *Rooney v Hunter,* 26 AD2d 891). Moreover, because the information and documents sought by interrogatories numbered 10 through 14 and items 3 through 7 of the notice to produce constitute evidence on which the defendant bases its third counterclaim, the plaintiff is, in any event, entitled to the disclosure thereby sought *(see, Citibank v Recycling Carroll Gardens,* 116 AD2d 494; *Martin Mechanical Corp. v City of New York,* 100 Misc 2d 1107). Mangano, J. P., Brown, Harwood and Balletta, JJ., concur.