■ SEMI-ALLOYS, INC., Respondent, v ELECTROALLOY CORPORATION et al., Appellants.—In an action, *inter alia,* to recover damages for unfair competition, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Coppola, J.), dated June 8, 1988, as (1) upon granting the plaintiff's motion for a protective order, did not include 4 of the 5 individual defendants in the list of "qualified persons" who have access to certain confidential documents, and (2) denied the defendants' cross motion to compel disclosure of

those documents to all defendants, and for "mutual" confidential treatment of documents they are required to disclose.

Ordered that the order is modified, (1) by adding to paragraph 5 (c) thereof a provision that the defendants Krsulich, Palumbo, Curran and Levine shall be included in the list of "qualified persons" to whom confidential documents may be disclosed, and (2) by deleting the provision thereof denying the defendants' cross motion and substituting therefor a provision granting the cross motion to the extent of providing that any disclosure shall be made to all parties, and otherwise denying the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants.

The plaintiff corporation, formed in 1957, is a researcher, developer, manufacturer, distributor and seller of materials and subassemblies for the manufacture of semiconductor packages. The defendant corporation, which also manufactures semiconductor packages, was formed in 1987 by the defendants Krsulich, Timon and Palumbo, each of whom had recently left the plaintiff's employ. In November 1987 the plaintiff commenced the instant action and alleged that these defendants, together with the defendants Curran and Levine, also former employees of the plaintiff, misappropriated trade secrets to which they had access.

In response to a motion to dismiss the complaint, the plaintiff, *inter alia,* submitted to the court certain affidavits in opposition containing expanded references to its trade secrets. The plaintiff also moved for a protective order limiting the defendants' access to the confidential information contained in those affidavits. The parties thereafter stipulated to entry of a "Confidentiality Order" which provided that, for purposes of the defendants' motion to dismiss, those documents which the plaintiff designated as confidential could be disclosed only to "qualified persons", defined as (1) counsel for the defendants, (2) experts hired by counsel for the defendants, and (3) the defendant Timon, an individual defendant and an employee of the defendant corporation. Modifications on consent were made to the confidentiality order, which, upon the Supreme Court's denial of the defendants' motion to dismiss, automatically expired.

The plaintiff thereafter sought to have the terms of the "Confidentiality Order" govern the conduct of all pretrial disclosure. The defendants cross-moved to compel disclosure of any documents the plaintiff would be required to disclose during pretrial discovery to all the defendants and for a

proviso that any protective order be "mutual". The Supreme Court granted the plaintiff's motion and denied the defendants' cross motion.

The defendants do not presently object to the protective order granted to the plaintiff insofar as it prevents disclosure and use of plaintiff's materials for purposes other than preparation for the litigation. Inasmuch as the defendants have failed to demonstrate that they will be required to disclose confidential information or information constituting trade secrets, we decline to add a provision to the order appealed from making its confidentiality safeguards "mutual". However, the plaintiff advances no ground which justifies withholding from some of the parties from whom it seeks relief the information upon which it premises its complaint (see, CPLR 3101; *Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403; see also, *Wilensky v JRB Mktg. & Opinion Research,* 137 AD2d 520, 523; *Citibank v Recycling Carroll Gardens,* 116 AD2d 494; cf., *Martin Mechanical Corp. v City of New York,* 100 Misc 2d 1107, 1111). The order is modified accordingly. Mollen, P. J., Bracken, Sullivan and Harwood, JJ., concur.