| ExcelUSMLE Review LLC v Reddy |
|:---:|
| 2026 NY Slip Op 30776(U) |
| March 4, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 654449/2025 |
| Judge: Andrew Borrok |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

-----------------------------------------------------------------------------------X

EXCELUSMLE REVIEW LLC,ALI FAROOQI

| | |
|---|---|
| **INDEX NO.** | 654449/2025 |

Plaintiff,

| | |
|---|---|
| **MOTION DATE** | 12/08/2025 |

- v -

SHRAVAN REDDY, APLIHSMD LLC,

| | |
|---|---|
| **MOTION SEQ. NO.** | 002 |

Defendant.

**DECISION + ORDER ON MOTION**

-----------------------------------------------------------------------------------X

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 44, 45, 46, 47, 48, 49, 50, 51, 55, 56, 57, 58, 59, 60

were read on this motion to/for _____CONTEMPT_____.

Upon the foregoing documents and for the reasons set forth on record (*tr.* 3.2.26), the branch of

the Plaintiffs' motion seeking to hold the Defendants in civil contempt is GRANTED.


Reference is made to a prior order of this Court (the **TRO**; *tr.* 9.5.25) dated September 5, 2025,

granting the branch of the Plaintiffs' motion (Mtn. Seq. No. 001) seeking the issuance of a

temporary restraining order.  The TRO enjoins the Defendants from:

> (a) employing, assisting in employing, or otherwise associating in business with any present or former employee, consultant or contractor, member, manager, officer or agent of the Company (Operating Agreement, §§ 25(a); 26);
>
> (b) inducing any person who is an employee, consultant, contractor, member, manager, officer or agent of the Company to terminate their relationship with the Company (Operating Agreement, §§ 25(a); 26);
>
> (c) serving as a partner, employee, consultant, officer, director, manager, agent, associate, investor or otherwise (in any form or capacity) with any business in competition with or otherwise similar to the Company's business within the United States (Operating Agreement, § 25(a));

(d) owning, purchasing, organizing or take preparatory steps for the organization of, building, designing, financing, acquiring, leasing, operating, managing, investing in, working or consulting for or otherwise become affiliated with, in each case, any business in competition with or otherwise similar to the Company's business within the United States (Operating Agreement, § 25(a));

(e) inducing or attempt to inducing any person, company, business or entity who or which is or was a Client, distributor, vendor or supplier to the Company or who had any other business relation with the Company, to cease doing business or reduce its volume of business with the Company or in any way interfere with the relationship between any such Client, distributor, vendor or supplier of the Company of any of its affiliates (including any other Member)(Operating Agreement, § 25(a));

(f) contacting, making sales to, calling upon, rendering any service to any person, company, business or entity who or which is or was a Client, distributor, vendor or supplier of the Company (Operating Agreement, § 25(b));

(g) directly or indirectly diverting, soliciting or interfering with any Client (Operating Agreement, § 25(b));

(h) from disclosing, divulging, discussing, copying or otherwise using or suffering to be used in any manner, in competition with, or contrary to the interests of the Company, any of the Company's Confidential Information (Operating Agreement, §§ 25(b);

(NYSCEF Doc. No. 23 at 4-5).

To make a finding of civil contempt, the Court must determine that (i) a lawful order of the court clearly expressing an unequivocal mandate was in effect, (ii) the party to be held in contempt had knowledge of the court's order, (iii) it appears with reasonable certainty that the order has been disobeyed, and (iv) the right of a party to the litigation is prejudiced (*El-Dehdan v El-Dehdan*, 26 NY3d 19, 29 [2015]). Under Judiciary Law § 773, where actual damage has resulted from the contemptuous act, "a fine, sufficient to indemnify the aggrieved party, must be imposed upon the offender" and where it is not shown that such an actual loss or injury has been caused, "a fine may be imposed, not exceeding the amount of the complainant's costs and expenses, and two

[* 2]

hundred and fifty dollars in addition" (*Matter of Dept. of Hous. Preserv. and Dev. of City of New York v Deka Realty Corp.*, 208 AD2d 37, 43 [2d Dept 1995]).  Legal fees and disbursements are also recoverable (*Matter of Barclays Bank v Hughes*, 306 AD2d 406, 407 [2d Dept 2003]).  The movant bears the burden of establishing civil contempt with clear and convincing evidence (*El-Dehdan,* 26 NY3d at 29).

The Plaintiffs have met their burden of establishing civil contempt by clear and convincing evidence that the TRO was a lawful order of the Court, clearly expressing an unequivocal mandate, and it is undisputed that the Defendants had knowledge of the TRO and deliberately disobeyed it, to the prejudice of the Plaintiffs (*id.*).  In fact, they have shown contempt beyond reasonable doubt.

The Defendants violated the TRO by providing services to, and accepting payments from, 43 medical students after the TRO was issued on September 5, 2025, as Dr. Reddy admitted in his Affirmation (NYSCEF Doc. No. 55 ¶¶ 19-21, 27, n 3).  The Defendants were aware that they were not permitted to do that because, at the TRO hearing, the Defendants had argued that certain applicants had an impending September 24, 2025 deadline that needed to be met and the Court admonished them when they requested the ability to continue to work on those papers that it would violate the TRO (*tr*. 9.5.25 at 17, lines 1-18).  They deliberately did it anyway.[1]

In addition, it is simply false that they merely wanted to help existing applicants.  As discussed, (*tr.* 3.2.26), Mr. Reddy's text messages with Sai Tapasvi (NYSCEF Doc. No. 47) who was not

---

[1] Nothing prevented them from making an appropriate arrangement with the Plaintiffs in this case.

**654449/2025   EXCELUSMLE REVIEW LLC ET AL vs. REDDY, SHRAVAN ET AL**
**Motion No.  002**

**Page 3 of 6**

an applicant established by proof beyond doubt that they lacked any concern whatsoever for the Court's order. For completeness, the Court notes that the AplihsMD website remained accessible to the public until October 10, 2025 (NYSCEF Doc. No. 48), i.e., after the end of the application cycle (September 24, 2025).

The website itself included testimonials of people that the Defendants had purported to help. This was undoubtedly to encourage future clients. There is no question that the Plaintiffs have been prejudiced. Nor are the defendants correct that damages are necessarily limited to the period that the defendants violated the agreements. Dr. Reddy's operation of AplihsMD damages Excel by diluting the value of the Plaintiffs' goodwill each day it continues to operate.

The Plaintiffs seek to have the Defendants (i) disgorge all revenues obtained by violating the TRO, (ii) pay a fine, and (iii) pay attorneys' fees and costs. However, Judiciary Law 773 does not appear to authorize disgorgement for civil contempt (Judiciary Law **§** 773; *Matter of Dept. of Hous. Preserv. and Dev. of City of New York v Deka Realty Corp.*, 208 AD2d 37, 43 [2d Dept 1995]). A fine of $1,000 for each day the Defendants violated the TRO from September 5, 2026 until the last day that the AplihsMD website was publicly accessible on October 10, 2026 (i.e. a period of 36 days or $36,000) is warranted (Judiciary Law **§** 773). Attorney's fees and costs are also warranted (*Barclays Bank* AD2d at 407) as contemplated by the parties in the Operating Agreement (NYSCEF Doc. No. 2 ¶ 25). As such, the branch of the Plaintiffs' motion seeking to hold the Defendants in civil contempt is GRANTED to the extent that the Defendants shall pay a fine of $36,000 as well as attorneys' fees and costs.

[* 4]

The branch of the motion seeking to hold the Defendants in criminal contempt on the other hand is DENIED without prejudice. Criminal contempt involves vindication of an offense against public justice and is utilized to protect the dignity of the judicial system and to compel respect for its mandates, and it must be shown that the accused violated the underlying order with a higher degree of willfulness and contumaciousness than is required in a civil contempt proceeding (*McCormick v Axelrod*, 59 NY2d 574, 583 [1983]). A proceeding to punish for criminal contempt arising out of a civil action must be properly commenced by personal service upon the alleged contemnor (*Lu v Betancourt*, 116 AD2d 492, 494 [1st Dept 1986]; *People v Balt*, 34 AD2d 932, 933 [1st Dept 1970]; *Matter of Murray*, 98 AD2d 93, 98 [1st Dept 1983]). Judiciary Law § 751(1) provides that punishment for criminal contempt "may be by fine, not exceeding one thousand dollars, or by imprisonment, not exceeding thirty days, ... or both, in the discretion of the court" (*Data-Track Account Services, Inc. v Lee*, 17 AD3d 1115, 1117 [4th Dept 2005]). Criminal contempt must be proven beyond a reasonable doubt (*Gompers v Buck's Stove & Range Co.*, 221 US 418, 444, 31 S Ct 492, 499, 55 L Ed 797 [1911]).

Critically, the Defendants were not initially served with the order to show cause seeking to hold them in criminal contempt until February 19, 2026 (*Lu* 116 AD2d at 494; *Balt*, 34 AD2d at 933; *Murray*, 98 AD2d at 98). The Plaintiffs' notice of motion and moving papers were filed on December 8, 2025. Opposition was due on January 16, 2026. Although true that Dr. Reddy did not request additional time or the right to file a surreply and he did file an affirmation in opposition to the motion, the branch of the Order to Show Cause seeking to hold the Defendants in criminal contempt must be DENIED without prejudice.

654449/2025   EXCELUSMLE REVIEW LLC ET AL vs. REDDY, SHRAVAN ET AL
Motion No.  002

Page 5 of 6

5 of 6

The Court has considered the parties' remaining arguments and finds them unavailing.

Accordingly, it is hereby ORDERED that the branch of the Plaintiffs' motion seeking to hold the Defendants in civil contempt is granted to the extent that the Defendants are ordered to pay a fine of $36,000, as well as attorney's fees and costs; and it is further

ORDERED that the branch of the Plaintiffs' motion seeking to hold the Defendants in criminal contempt is DENIED without prejudice.

20260304141831ABORROKE57005014F90C4E95812D90E47F9CB669

| **3/4/2026** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **ANDREW BORROK, J.S.C.** | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER | |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

**654449/2025   EXCELUSMLE REVIEW LLC ET AL vs. REDDY, SHRAVAN ET AL**
**Motion No.  002**

**Page 6 of 6**

6 of 6

[* 6]