■ SLAVENBURG CORPORATION, Respondent, v NORTH SHORE EQUITIES, INC., et al., Defendants-Appellants and Third-Party Plaintiffs. HOWARD JACKSON ASSOCIATES, INC., et al., Third-Party Defendants.—Order of the Supreme Court, New York County, entered October 31, 1979, unanimously modified, on the law, on the facts and in the exercise of discretion, to the extent of striking Items E and G from the list of documents required to be produced and limiting the documents specified in Items A, B, C, and D to those which deal directly with this litigation and otherwise affirmed, without costs. This action is bottomed on the claim that North Shore Equities, Inc. (North Shore), a wholly-owned subsidiary of Guardian Federal Savings and Loan Association (Guardian), induced plaintiff to lend to Alpha Developers Ltd. (Alpha) the sum of $1,200,000 for a period of one year. The loan was secured by a mortgage which matured simultaneously with the loan. As part of the arrangement North Shore committed itself to purchase the mortgage from plaintiff at maturity. When Alpha failed to pay the loan upon its due date, plaintiff demanded that North Shore purchase the mortgage pursuant to its commitment. North Shore failed to do so and this action followed. North Shore interposed an answer which in addition to denials, set forth 11 affirmative defenses. These defenses fall into five categories which, broadly construed, allege the following: (a) plaintiff failed to comply with the letter of commitment; (b) the loan was usurious; (c) the loan was made to Bash, Alpha's president, in his individual capacity and not to Alpha, and the corporate form was used solely to mask the usurious nature of the loan; (d) plaintiff was negligent in making the loan in that (1) it did not examine the report of the title examiner, and (2) it failed properly to evaluate the report of the appraiser; and (e) fraud. Additionally, North Shore and Guardian have brought a third-party action against the appraisers, Bash, Alpha, the broker and the title insurance company. Subsequent to the joinder of issue, plaintiff conducted examinations before trial. It then sought discovery of documents. Special Term granted discovery in toto. We modify. Items A, B and C seek a blanket review of loan commitments or guarantees issued by North Shore or Guardian to Bash or corporations controlled by him and corporate minutes of all meetings at which these guarantees or commitments were discussed. Item D seeks reports made by North Shore or Guardian to Federal authorities with respect to litigation

between them and Bash or corporations controlled by him. We think these items much too broad. Accordingly, we limit discovery on these items to the matter here in suit. Item E seeks audited financial statements of North Shore for 1976 and 1977. While these documents may have relevance in a proceeding to collect a judgment recovered, they are wholly immaterial to the litigation before us. Item G seeks to compel North Shore and Guardian to create a document setting forth the basis for the claim of usury. Plainly, the function of CPLR 3120 is to enable a party to "inspect, copy, test, or photograph any specifically designated documents * * * which are in the possession, custody or control of the party served". It is equally plain that it is not the function of that section to require a party to create new documents. If plaintiff feels need for the information sought in Item G it may seek to obtain it by proper demand for a bill of particulars. Hence, we strike these two items. Concur—Ross, J. P., Lupiano, Silverman, Bloom and Yesawich, JJ.