■ RALPH ROMANO, Respondent, v BELT PAINTING CORP. et al., Appellants.—In an action, *inter alia,* to declare that plaintiff is the sole and exclusive owner of 10% of the shares of defendant Belt Painting Corp. and for derivative damages to the defendant corporation, defendants appeal from so much of an order of the Supreme Court, Queens County, dated March 22, 1979, as (1) appointed a temporary receiver of the defendant corporation, (2) directed defendants to answer plaintiff's notice for discovery and inspection, dated June 6, 1978, and (3) denied defendants' cross motion for a conditional order of preclusion arising from plaintiff's failure to respond to defendants' demand for a bill of particulars. Order modified by deleting the first, second and third decretal paragraphs thereof, and substituting therefor provisions that (1) plaintiff shall respond to and serve upon defendants the information demanded in defendants' notice for discovery and inspection, dated October 24, 1978, (2) with respect to plaintiff's notice for discovery and inspection, dated June 6, 1978, defendants shall respond to and serve upon plaintiff the information demanded in paragraph Nos. 2 (only to the extent that plaintiff is entitled to a balance sheet for the year 1977), 5 (only pertaining to those jobs as specified in the complaint and only for work performed by N.R.M. Construction Company for Belt Painting Corp.), 8, 10 and 11, and (3) plaintiff shall serve a bill of particulars. As so modified, order affirmed insofar as appealed from, with $50 costs and disbursements to defendants. Plaintiff shall serve his bill of particulars within 20 days after service upon him of a copy of the order to be made hereon, together with notice of entry thereof. The parties' time to comply with the notices for discovery and inspection is extended until 10 days after service of the bill of particulars. Plaintiff has commenced this action seeking personal relief and derivative relief on behalf of the defendant corporation. The first cause of action is for a declaration that plaintiff is a 10% shareholder of the defendant corporation, the issuance of stock certificates evidencing said interest, and the payment of all accrued and unpaid dividends, plus interest, resulting from said 10% interest. The second cause of action alleges that the defendant corporation has been injured by various acts of mismanagement, diversion of assets, false dealing, etc., and seeks, *inter alia,* an accounting and the payment of all demonstrated damages. Plaintiff has moved for the appoint-

ment of a temporary receiver and to compel disclosure and inspection of certain documents. Defendants have cross-moved for disclosure pertaining to their counterclaim that plaintiff is indebted to the defendant corporation and that plaintiff, while an employee of the corporation, breached certain fiduciary duties, and for a conditional order of preclusion relating to plaintiff's failure to serve a bill of particulars. It is noted that defendants have admitted that plaintiff is a shareholder of the defendant corporation, although the extent of plaintiff's holdings is in issue. It was improper to have granted plaintiff's motion for the appointment of a temporary receiver. This drastic remedy is not justified in the instant circumstances where the record contains no indicia that the defendant corporation is not solvent, or that there is a present danger that the corporation assets will be materially impaired, destroyed, or lost (see CPLR 6401, subd [a]; *Fenn v W. M. Ostrander, Inc.*, 132 App Div 311; *Hastings v Tousey*, 121 App Div 815). The plaintiff's notice for discovery and inspection is overbroad and goes beyond the allegations of misconduct contained in the complaint. Furthermore, although the second cause of action is derivative in nature, the relief sought includes an accounting, and such relief should not be granted at this stage of the proceedings (see *Krauss v Putterman*, 51 AD2d 551). Rather, the scope of discovery should be restricted to plaintiff's right to an accounting and those matters which do not relate solely to items of the account (see *Alderman v Eagle*, 41 AD2d 641). This is particularly so in view of plaintiff's status as a competitor of the defendant corporation and in view of the more restrictive scope of discovery in derivative suits (see *Pearson v Rosenberg*, 22 AD2d 225; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.17; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101.16, p 20). Defendants' motion for a conditional order of preclusion should have been granted (see CPLR 3042) and plaintiff, at oral argument, has consented to serving the demanded bill of particulars. Rabin, J. P., Cohalan, Martuscello and Weinstein, JJ., concur.