■ JOHN FERETICH et al., Appellants, v PARSONS HOSPITAL et al., Defendants, and JEFF WARREN et al., Respondents. — In a medical malpractice action, plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Linakis, J.), entered September 25, 1981, as, upon the motion of defendants Warren, Metropoulos and Warren & Metropoulos, P.C., struck the conditions in plaintiffs' authorizations for the release of medical records. Order modified, by deleting the provision which struck all conditions and substitut- ing therefor a provision striking the condition beginning with the words "This authorization is contingent upon" and ending with the words "furnished to the above." As so modified, order affirmed insofar as appealed from, without costs or disbursements. Plaintiffs' time to furnish authorizations is extended until 20 days after service upon them of a copy of the order to be made hereon, with notice of entry. Respondents moved to dismiss the complaint when served with requested authorizations that contained typewritten or rubber-stamped in- dorsements conditioning disclosure by the medical providers on their furnish- ing a copy of all such disclosed materials to plaintiffs' counsel. Special Term properly found such condition to be impermissible; however, notwithstanding the lack of any objection to the remainder of the indorsements, Special Term's order also struck a warning that the authorizations were not intended to permit the provider to discuss plaintiffs' case, but only to furnish copies of existing records. This warning was surplusage. Whether the medical provider authorizations were requested pursuant to CPLR 3120 (see *Matter of Lach- man,* 19 Misc 2d 540; *Matter of Rubin,* 161 Misc 374)' or (as is more typical) pursuant to CPLR 3121 (see *Hoenig v Westphal,* 52 NY2d 605, 609), it is settled in this department that the evidence subject to discovery by means of either device is limited to *pre-existing tangible items* (see *Anker v Brodnitz,* 98 Misc 2d 148, affd 73 AD2d 589 [on opn of Boyers, J., at Special Term] mot for lv to app dsmd 51 NY2d 743; *Slavenburg Corp. v North Shore·Equities,* 76 AD2d 769; cf. *Matter of Mulvaney v Dubin,* 80 AD2d 566, revd on other grounds 55 NY2d 668; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3102:1, p 260; and C3120.1, p 516). Nevertheless, mindful of the practical problem discussed in *Anker v Brodnitz* (*supra*) respecting the ability of recipients of such authorizations to distinguish between properly and

improperly disclosable evidence, we are of the opinion that the warning indorsed on plaintiffs' authorizations in this case serves a salutary purpose and should be reinstated. We note further that, as discussed in *Anker v Brodnitz* (*supra*), these limits on disclosure are imposed not because of the physician-patient privilege, which is generally waived by bringing a malpractice action, but by the very design of the specific disclosure devices available in CPLR article 31. We modify the order accordingly. Gulotta, J. P., O'Connor, Thompson and Brown, JJ., concur.