■ MARY F. FRASIER, Appellant, v KIMBERLY E. CONKLIN et al., Respondents, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered November 29, 1983 in Albany County, which, *inter alia,* denied plaintiff's motion to vacate the notice of discovery and inspection of defendants Kimberly and Robert Conklin.

Plaintiff brought suit against defendants for personal injuries which she allegedly suffered as the result of an automobile accident on June 30, 1979. The instant appeal arises out of a motion for a protective order brought by plaintiff to vacate the discovery and inspection notice of defendants Kimberly and Robert Conklin, which directed her to produce medical records and notes from a list of seven physicians concerning her physical condition. Special Term denied plaintiff's motion and directed her to comply with the discovery and inspection notice, and the court further ordered that this discovery notice was to continue throughout the pendency of the action.

On this appeal, plaintiff contends that Special Term erred in ordering her to comply with defendants' discovery request throughout the course of this action. We agree. There is no statutory or case law authority for Special Term's order of continuing discovery. The discovery provisions of CPLR 3120 and 3121 pertain only to data already in existence (see *Feretich v Parsons Hosp.,* 88 AD2d 903; *Slavenburg Corp. v North Shore Equities,* 76 AD2d 769, 770). While the rules applicable to the trial courts in the First, Second, and Fourth Departments set forth detailed rules governing the discovery of medical reports prepared subsequent to joinder of issue (22 NYCRR 660.11 [1st Dept], 672.7 [2d Dept], 1024.25 [4th Dept]), the rules of court of this department do not. In any event, the discovery order at issue here goes beyond what would be required under those rules. Accordingly, we hold that so much of Special Term's order as granted defendants Conklin continuing discovery of plaintiff's physical condition throughout the pendency of the action must be reversed.

Order modified, on the law, without costs, by reversing so much thereof as directed that the discovery and inspection

notice of defendants Kimberly and Robert Conklin, dated August 1, 1983, shall continue throughout the action, and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.