■ DURHAM MEDICAL SEARCH, INC., Respondent, v PHYSICIANS INTERNATIONAL SEARCH, INC., et al., Appellants. (Appeal No. 1.)—Order unanimously modified, on the law, and, as modified, affirmed, without costs, and matter remitted to Supreme Court, Erie County, for further proceedings, in accordance with the following memorandum: In this action plaintiff claims that defendants used confidential information and trade secrets obtained from former employees to divert business from plaintiff and pirate its customers and seeks injunctive relief, an accounting and damages. Pursuant to CPLR 3120 (a), plaintiff demanded that a loan application and supporting documentation submitted by defendant Physicians International to the Marine Midland Bank be produced for inspection and copying. Special Term determined, following an in camera inspection, that the loan application and supporting documentation were not discoverable except for ledgers relating to the accounts receivable pledged by defendant as security for the loan because "[t]hese accounts may well be the so-called 'pirated' customers of Plaintiff" and directed defendant to provide plaintiff with a list identifying such customers. Defendants appeal. We agree that the documents identifying defendants' customers are relevant to show unfair competition and are discoverable *(see, Romano v Belt Painting Corp.*, 77 AD2d 565; *Alderman v Eagle*, 41 AD2d 641). However, Special Term exceeded its authority in ordering defendant to create a customer list from these documents.

"Through disclosure a party may be required to produce only those items 'which are in the possession, custody or control of the party served' * * * Such items must be preexisting and tangible to be subject to discovery and production * * * Accordingly, a party cannot be compelled to create new documents or other tangible items in order to comply with particular discovery applications" *(Rosado v Mercedes-Benz*, 103 AD2d 395, 398; *see, Frasier v Conklin*, 105 AD2d 1018;

*Feretich v Parsons Hosp.,* 88 AD2d 903; *Slavenburg Corp. v North Shore Equities,* 76 AD2d 769, 770). It is not the function of CPLR 3120 to require a party to create new documents. Plaintiff is entitled to disclosure of the ledgers which Special Term found "list * * * the various accounts receivable totaling some $62,700 and which were noted as securing the $125,000 SBA loan as applied for through Marine Midland Bank" and the matter is remitted to Special Term to inspect these ledgers in camera and to excise therefrom any parts which should not be disclosed. (Appeal from order of Supreme Court, Erie County, Kubiniec, J.—protective order.) Present— Dillon, P. J., Doerr, Pine, Lawton and Schnepp, JJ.