■ WILLIAM G. BROWN et al., as Parents and Natural Guardians of JEFFREY BROWN, an Infant, Respondents, v DAISY MANUFACTURING Co., Appellant. (Appeal No. 1.)—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Plaintiffs' use of the adjective "all" does not render their request impermissible per se; it is the subject of the request that defines whether the request is specific *(Stevens v Metropolitan Suburban Bus Auth.,* 117 AD2d 733, 734). Discovery of similar subsequent accidents is permissible because such proof may be admissible at trial to establish the existence of a defect *(Carnibucci v Marlin Firearms Co.,* 51 AD2d 1067).

Defendant asserts, however, that it has no documents pertaining to test firings of the gun performed by Cicero police. The CPLR does not require defendant to create documents to be discovered *(see, Frasier v Conklin,* 105 AD2d 1018), and thus the 11th ordering paragraph is deleted. Moreover, paragraph No. 5 directing release of invoices, bills of sale, and checks is overbroad and should be stricken except insofar as it orders production of instructions, manuals, and warnings pertaining to use of the rifle.

We affirm the remaining portions of the request. (Appeal from order of Supreme Court, Onondaga County, Murphy, J.—discovery.) Present—Callahan, J. P., Doerr, Denman, Pine and Davis, JJ.