■ FRANK LAURO, Respondent, v TOP OF THE CLASS CATERERS, INC., et al., Appellants.—In an action to recover for damages for breach of contract and for an accounting, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Copertino, J.), entered October 5, 1988, as (1) denied those branches of their motion which were (a) to compel the plaintiff to more "fully and completely" answer interrogatories numbered 7, 8, 10, 11 and 12, and (b) for a protective order vacating item "numbered 3" of the plaintiff's notice of discovery and inspection, and (2) granted that branch of their motion which was for a protective order vacating the plaintiff's cross notice to take a deposition upon oral examination of the defendants only to the extent of directing that the defendants need only produce at those depositions those documents which were necessary for the depositions.

Ordered that the order is affirmed insofar as appealed from, with costs, and without prejudice to a further application by the defendants, if they be so advised, for the imposition of reasonable conditions of confidentiality for disclosure of their contracts with catering customers between July 1, 1983, through and including June 30, 1987.

In opposition to the defendants' request to compel the plaintiff to more "fully and completely" answer interrogatories numbered 7, 8, 10, 11 and 12, which requested the identification of certain documents, the plaintiff averred that he had not created, maintained, or had in his possession or control any of the requested documents. The Supreme Court therefore properly denied the defendants' request on the

ground that the "plaintiff may not be compelled to produce information that does not exist or which he does not possess" *(Corriel v Volkswagen of Am.,* 127 AD2d 729, 731). In the event the plaintiff has failed to identify documents he has created, maintained or has in his possession or control, and subsequently attempts to introduce them in evidence at the trial, the defendants may move to preclude the use of such documents *(see, Corriel v Volkswagen of Am., supra,* at 731). The cases relied upon by the defendants, *Bassett v Bando Sangsa Co.* (94 AD2d 358) and *Barouh Eaton Allen Corp. v International Business Machs. Corp.* (76 AD2d 873), do not warrant a different result.

In addition, the Supreme Court properly directed the defendants to produce for discovery and inspection their contracts with catering customers for the limited period between July 1, 1983 through and including June 30, 1987. The defendants' contentions challenging this type of disclosure request have been addressed and found to be without merit by this court in *Wilensky v JRB Mktg. & Opinion Research* (137 AD2d 520). Our determination is without prejudice to a further application by the defendants, if they be so advised, for the imposition of reasonable conditions of confidentiality for the disclosure of the contracts *(see, Schenectady Chems. v Imitec, Inc.,* 151 AD2d 804; *Citibank v Recycling Carroll Gardens,* 116 AD2d 494).

The defendants' remaining contention is without merit. Thompson, J. P., Kunzeman, Lawrence and O'Brien, JJ., concur.