■ DAVID A. HALLER et al., Respondents, v NORTH RIVERSIDE PARTNERS et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County (Carol E. Huff, J.), entered March 24, 1992, which denied defendants' motions for a protective order with respect to a notice for production and inspection of documents, unanimously modified, on the law, without costs, to the extent of granting the motion and cross motion with respect to the demands set forth in paragraphs 2, 11, and 20-23 of the notice to produce, and otherwise affirmed.

In April of 1989 plaintiffs purchased an apartment in a building that was being converted to a cooperative. Defendant North Riverside Partners (NRP) was the sponsor of the offering plan; defendant Infinity Corp. was the general partner of NRP; defendant Mark Greenberg Real Estate Co. (MGRE) was the building's managing and selling agent; individual defendants David Goldstick, Mark Greenberg and Eugene Feldman are shareholders of Infinity Corp.; Greenberg is president and sole shareholder of MGRE; and Feldman is a limited partner of NRP.

The complaint seeks rescission and damages based on a claim of fraud in that defendants allegedly knew that the apartment corporation would be in default on its mortgage in an amount exceeding $1 million upon conversion, that the primary mortgage contained a due-on-sale clause that would be triggered on conversion and that tenants were paying only a fraction of rentals due under their leases. Plaintiffs claim these circumstances were intentionally not disclosed to potential purchasers, and that information was withheld concerning insufficient capitalization to make maintenance payments on

apartments owned by the sponsor. Plaintiffs also sought to pierce the corporate veils of Infinity and MGRE on grounds that the individual defendants "do not respect the formalities necessary to retain limited liability."

Before depositions were taken, plaintiffs served the subject notice to produce and inspect documents. Defendants sought a protective order, claiming that most of the demands were overly broad and immaterial to the issues in the lawsuit. The IAS Court correctly noted that the motion and cross motion for a protective order were untimely under CPLR 3122 and thus had to be denied except as to demands that are "palpably improper" (Haenel v November & November, 172 AD2d 182, 183; Wood v Sardi's Rest. Corp., 47 AD2d 870, 871). The IAS Court denied defendants' motion and cross motion. We find that several of the demands are palpably improper and accordingly modify the order appealed from. In applying this test we note that overly broad or unnecessarily burdensome demands may be considered palpably improper (see, Alaten Co. v Solil Mgt. Corp., 181 AD2d 466; Aetna Ins. Co. v Mirisola, 167 AD2d 270).

Paragraph 2 of the demand seeks production of all pleadings, court papers and other documents prepared or received in connection with any action or claim by any tenants in the building, which might require production of documents concerning unrelated claims such as personal injury suits or other matters having nothing to do with the issues raised in the plaintiffs' complaint. Paragraph 11 is overly broad since it requests all correspondence relating to the corporation or the building between or among two or more of the defendants, or one or more of the defendants and the corporation. This demand would require production of any document on any subject ever prepared in connection with the cooperative conversion.

Paragraphs 20-23 of the demand seek every document and paper with respect to all "related entities" of the defendants, defined as "all corporate or partnership entities in which Goldstick, Greenberg and Feldman owned at any time between January 1, 1987 and January 31, 1991, directly or indirectly, singly or in combination, greater than a 10 percent interest, including without limitation the Corporation, Infinity and Partners." These demands are palpably improper and may be renewed, if necessary, after depositions, so that specific documents can be named or described with reasonable particularity (see, Related Cos. v Bishops Servs., 171 AD2d 421). We have considered defendants' arguments with respect

to other demands not discussed herein, and find them to be without merit. Concur—Carro, J. P., Ellerin, Kupferman and Kassal, JJ.