■ LINDA FORESTIRE, Plaintiff, v INTER-STOP, INC., Respondent, and GULF OIL CORPORATION, Appellant. [621 NYS2d 686] —In an action to recover damages for personal injuries, the defendant Gulf Oil Corporation appeals from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated March 22, 1993, which granted the defendant Inter-Stop, Inc.'s motion to strike Gulf Oil Corporation's cross claim for attorney's fees.

Ordered that the order is affirmed, with costs.

In or about November 1987 the plaintiff commenced the instant action to recover damages for personal injuries arising from an accident that occurred at a service station leased by the defendant Inter-Stop, Inc. (hereinafter Inter-Stop) from the defendant Gulf Oil Corporation (hereinafter Gulf). Gulf asserted a cross claim to recover attorney's fees and other legal expenses associated with the defense of the underlying per-

sonal injury action pursuant to a provision in the parties' lease agreement. The underlying action was settled, but Gulf continued pursuit of its cross claim.

In or about June 1992 Inter-Stop served a discovery demand to compel Gulf to produce, *inter alia,* copies of all bills, back-up documents, and other documents relevant to the claim for attorney's fees and legal expenses. Gulf did not move for a protective order or seek to strike any portion of the discovery demand. Consequently, at a conference on August 7, 1992, the court directed Gulf to respond to the demand by August 28, 1992.

Gulf's attorneys responded to the demand by providing computer-generated bills setting forth a brief description of the service rendered, the initials of the attorney who rendered the service, the date of the service, and the amount billed. A review of the computer bills that were provided indicates that a significant portion of the charges involved the preparation and review of correspondence and other legal documents. No attempt was made to produce copies of the correspondence or other documents that were allegedly prepared and/or reviewed. Additionally, Inter-Stop requested copies of checks and vouchers evidencing payment of the bills, a demand which was completely ignored by Gulf's attorneys.

Inter-Stop then moved to strike the cross claim because of Gulf's clear failure to comply with the court's directive. The court concluded again that Gulf had failed to comply with its directive to provide adequate responses to the demand. Nonetheless, by order dated November 4, 1992, the court gave Gulf "one last opportunity to do so" by directing service of a further response within 20 days.

On or about December 3, 1992, Gulf served its further response essentially by providing the same computerized bills previously produced. Additionally, Gulf now objected, for the first time, to several of the items demanded as being "improper" or as seeking "privilege[d]" information. Copies of checks and vouchers in payment of bills for legal services were allegedly "no longer in existence".

Inter-Stop moved once again to strike Gulf's cross claim, contending that the response to its discovery demand was so inadequate that it should be deemed non-compliance with the court's directive. The attorneys for Gulf opposed the motion on the ground that they had provided responses to the fullest extent possible "except where to do so would breach attorney-client privilege".

The court granted the motion and dismissed Gulf's cross claim, expressly finding that the responses to Inter-Stop's discovery demand "are palpably deficient".

We conclude that the extreme sanction of dismissal was a provident exercise of the court's discretion under the circumstances of this case. The court gave Gulf's attorneys ample opportunity to comply with Inter-Stop's legitimate discovery demands, but counsel was obviously not willing to abide by the court's directive. The claim that the relevant back-up documents do not exist is unacceptable, and patently inadequate, in light of the circumstances of this case, since there would be no way for Gulf to establish its claim at trial without producing them. Counsel gave no indication that the documents had been lost or destroyed. Rather, counsel attempted to assert an attorney-client privilege for the first time after being directed twice before by the court to provide the documents. This action by counsel was patently frivolous since Gulf, their client, had waived its privilege by pursuing its cross claim. Thus, we conclude that counsel's refusal to comply with the court's directives was willful and indefensible, warranting the extreme sanction of dismissal. Ritter, Pizzuto and Florio, JJ., concur.

Balletta, J., dissents and votes to reverse and deny the motion, with the following memorandum, with which Bracken, J. P., concurs. I respectfully disagree and vote to reverse the order appealed from.

CPLR 3101 (a) provides, in relevant part, that "[t]here shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof". The main issue presented in this case is whether the court improvidently exercised its discretion in granting the motion of Inter-Stop, Inc. (hereinafter Inter-Stop) motion to dismiss the cross motion by Gulf Oil Corporation (hereinafter Gulf) for attorney fees due to its alleged failure to comply with Inter-Stop's discovery demand. I believe that the court erred.

By way of background, the plaintiffs commenced this action in November 1987 to recover damages for personal injuries allegedly sustained by the plaintiff Linda Forestire as a result of an accident which occurred at a service station leased by Inter-Stop from Gulf. In its answer, Gulf included a cross claim against Inter-Stop to recover attorney's fees and other legal expenses associated with the defense of the action pursuant to a contractual agreement between Inter-Stop and Gulf.

After the plaintiffs' action was settled in November 1990 for $25,000, Gulf continued to pursue its cross claim against Inter-Stop for attorney's fees amounting to about $10,000.

Subsequently, Inter-Stop served upon Gulf a demand for disclosure dated June 25, 1992, requiring the production of a variety of items: (1) copies of all bills for legal services rendered to Gulf for any defense costs related to the action, (2) copies of all supporting documents to those bills, (3) office calendars for all dates on which the case appeared, (4) a list of all attorneys involved in the action, (5) all full and complete billing sheets for the day for any attorney who had spent any time on the case that was billed to Gulf, (6) copies of all checks or vouchers in payment of bills for legal services rendered by the attorneys for Gulf, and (7) in the event outside counsel performed any legal services for Gulf, copies of all items listed in items 1 through 6. In response to this demand, Gulf forwarded copies of all the bills submitted by their attorneys with regard to the defense in the case. These bills basically consisted of a computerized summary stating the date the service was rendered, a brief summary of the service rendered, the attorney who rendered such service, the time spent on the case, and the amount billed.

In September 1992 Inter-Stop moved to strike Gulf's cross claim on the ground that it had "willfully refused" to comply with the discovery demand. In opposition to this motion, Gulf's attorney asserted that the copies of the bills sent to Inter-Stop in July were the only records maintained by his office which reflected the amounts billed to Gulf during the defense of the underlying action by his office. By order dated November 4, 1992, the Supreme Court concluded that Gulf had not complied with the discovery demand and held that the motion to strike Gulf's cross claim would be granted unless Gulf responded to Inter-Stop's notice of demand within 20 days.

Gulf thereafter served a further response to Inter-Stop's demand in which it claimed that items No. 1 and 5 were improper because they sought privileged information, that item No. 2 was also an improper demand, and that item No. 7 was inapplicable. With regard to items No. 3 and 6, Gulf stated that the office calendars and checks or vouchers requested were no longer in existence. With respect to item No. 4, Gulf attached copies of the identical bills which it had previously submitted to Inter-Stop and again asserted that they contained the information sought by Inter-Stop.

In January 1993 Inter-Stop again moved to dismiss Gulf's

cross claim on the ground of Gulf's alleged failure to provide adequate responses to the discovery demand. In response, Gulf again claimed that all the information that Inter-Stop needed was contained on the billing records already sent to Inter-Stop and asserted that "there are no other documents in existence which would satisfy the demands" made by Inter-Stop.

By order dated March 22, 1993, the Supreme Court granted Inter-Stop's motion to dismiss Gulf's cross claim for attorney's fees because it found Gulf's response to the discovery demand to be "palpably deficient".

CPLR 3126 (3) provides for various possible sanctions, including the "striking out [of] pleadings or parts thereof", that may be imposed against a party who "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed pursuant to notice [duly served]". Although the nature and the degree of the sanctions to be imposed pursuant to CPLR 3126 is generally left to the sound discretion of the court (see, Soto v City of Long Beach, 197 AD2d 615; Spira v Antoine, 191 AD2d 219), it is well settled that an action should be resolved on the merits wherever possible and that "the harsh remedy of the striking of a pleading should not be employed without a showing of a deliberate or willful refusal to disclose" (see, Cruzatti v St. Mary's Hosp., 193 AD2d 579, 580; Beard v Peconic Foam Insulation Corp., 149 AD2d 555; Mancusi v Middlesex Ins. Co., 102 AD2d 846). Moreover, the party seeking the imposition of sanctions has the initial burden of coming forward with a sufficient showing of willfulness, at which point the opposing party must offer a reasonable excuse for his or her default (see, Furniture Fantasy v Cerrone, 154 AD2d 506; Read v Dickson, 150 AD2d 543).

In the instant case, I am of the opinion that the court improvidently exercised its discretion in striking Gulf's cross claim since there was an insufficient showing that Gulf's conduct was willful, deliberate, or contumacious. The record shows that Gulf responded promptly to Inter-Stop's discovery notice and provided Inter-Stop with copies of all the computerized bills submitted by its attorneys. The mere fact that these bills were the only documents in existence did not warrant the striking of the cross claim since a party may be required to produce only those items "which are in the possession, custody or control of the party served" (CPLR 3120; Lear v New York Helicopter Corp., 190 AD2d 7; Durham Med. Search v Physicians Intl. Search, 122 AD2d 529). A party may not be compelled to produce information that does not exist or which

he does not possess or control *(see, Lauro v Top of the Class Caterers,* 169 AD2d 708; *Corriel v Volkswagen of Am.,* 127 AD2d 729; *Carp v Marcus,* 116 AD2d 854), nor may a party be compelled to create new documents *(see, Durham Med. Search v Physicians Intl. Search, supra; Rosado v Mercedes-Benz of N. Am.,* 103 AD2d 395).

Similarly, the mere fact that Inter-Stop was unhappy with the responses did not justify the striking of Gulf's cross claim *(see, E.K. Constr. Co. v Town of N. Hempstead,* 144 AD2d 427; *Miller v Duffy,* 126 AD2d 527). There is no evidence that Gulf engaged in any misconduct or otherwise purposely attempted to thwart the disclosure process *(see, Forman v Jamesway Corp.,* 175 AD2d 514; *Saferstein v Stark,* 171 AD2d 856; *Haney v O'Connell,* 145 AD2d 746; *cf., Hyosung [Am.] v Woodcrest Fabrics,* 106 AD2d 298).

While the court made a point of rejecting Gulf's assertion of an attorney-client privilege with respect to some of the items demanded, it must be noted that Gulf's assertion of the privilege was secondary to its main argument that "[a]s was pointed out to the co-defendant, on at least two occasions, there are no other documents in existence which would satisfy the demands of the co-defendant".

Accordingly, in the absence of a clear demonstration that Gulf's purported failure to comply was willful and contumacious, the court erred in striking the cross claim *(see, Master Collision v Continental Ins. Co.,* 131 AD2d 645; *Farrell v New York State Elec. & Gas Corp.,* 120 AD2d 778).