■ KENNETH D. SGRO, Respondent, v DRAKE PUBLISHERS, INC., et al., Appellants, et al., Defendant. [634 NYS2d 456] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered October 5, 1994, which denied defendants' motion for a protective order striking plaintiff's interrogatories and document demands, unanimously modified, on the law, the facts and in the exercise of discretion, to strike the four sets of interrogatories and four sets of document demands with leave to serve a single set of interrogatories and a single set of document demands on defendants-appellants, and otherwise affirmed, without costs.

We find that the serving of four different, substantially overlapping sets of interrogatories and document demands is unnecessarily burdensome for defendants, all of whom are represented by the same counsel, as it would require defendants to sort through all the questions to determine whether any particular query had also been addressed elsewhere. Thus, plaintiff should be required to unify his interrogatories and document demands into single documents.

However, we reject defendants' contentions that the substance of any of plaintiff's demands was "overly broad or unnecessarily burdensome" (*Haller v North Riverside Partners*, 189 AD2d 615, 616). None of the interrogatories is any broader than it has to be to obtain information relevant to plaintiff's claim that defendant Drake Publishers, Inc. ("Drake") allegedly controlled defendant Venture Magazine, Inc. ("VMI") during the period when plaintiff claims he was fraudulently induced by defendants Chew and Ruderman, acting on Drake's behalf, to resign from VMI, thereby giving up rights to severance pay and vacation pay to which he otherwise would have been entitled, in exchange for a consulting agreement with defendant Drake, or to his alternative claim that defendants Chew, Ruderman and Drake were all acting on behalf of nonparty CRX Acquisition Corp. in inducing plaintiff to resign. A discovery dispute is not the appropriate forum to evaluate and narrow plaintiffs' claims. Concur—Ellerin, J. P., Rubin, Kupferman, Williams and Mazzarelli, JJ.