■ THERESA ARGENIO et al., Respondents, v CUSHMAN & WAKEFIELD, INC., Defendant and Third-Party Plaintiff-Appellant. OTIS ELEVATOR COMPANY, Third-Party Defendant-Respondent. (And Other Third-Party Actions.) [642 NYS2d 968] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff Cushman & Wakefield, Inc., appeals from an order of the Supreme Court, Suffolk County (Gowan, J.), entered August 24, 1995, which granted the motion of Otis Elevator Company to strike its answer and to dismiss its third-party complaint for failure to comply with prior orders of the court.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The drastic sanction of unconditionally striking a pleading pursuant to CPLR 3126 should not be invoked unless the resisting party's default is shown to be deliberate and contumacious (see, Forestire v Inter-Stop, Inc., 211 AD2d 751, 755; Eagle Star Ins. Co. v Behar, 207 AD2d 326). In the present case, the willful and contumacious character of the appellant's default can be inferred from its noncompliance with three separate court orders directing depositions, coupled with either no excuse or an inadequate excuse for these defaults (see, Glasburgh v Port Auth., 193 AD2d 441; Mills v Ducille, 170 AD2d 657, 658). Accordingly, the Supreme Court did not improvidently exercise its discretion in granting the motion of Otis Elevator Company to strike the appellant's answer and to dismiss its third-party complaint. Mangano, P. J., Thompson, Florio and McGinity, JJ., concur.