■ BERNICE ROTH et al., Appellants, v SOUTH NASSAU COMMUNITIES HOSPITAL et al., Respondents, et al., Defendant. [657 NYS2d 1010] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Segal, J.), entered March 8, 1996, which granted the separate motions of the defendants South Nassau Communities Hospital, Mihai Dimancescu, and Harvey Orlin to dismiss the complaint insofar as asserted against them unless within 30 days the plaintiffs served those defendants with a bill of particulars which complied with a prior order of the same court, and (2) from a judgment of the same court, entered June 28, 1996, which dismissed the complaint insofar as asserted against the defendants South Nassau Communities Hospital, Mihai Dimancescu, and Harvey Orlin.

Ordered that the appeal from the order entered March 8, 1996, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

We find no improvident exercise of discretion in the dismissal of the complaint as against the respondents. Over the course of approximately three years and despite several court orders outlining deficiencies in their bills of particulars, the plaintiffs failed to serve a properly detailed bill of particulars on each respondent. The willfulness of the plaintiffs' conduct can be inferred from the record (*see,* CPLR 3126 [3]; *Argenio v Cushman & Wakefield,* 227 AD2d 578; *Porreco v Selway,* 225 AD2d 752). Bracken, J. P., Joy, McGinity and Luciano, JJ., concur.