■ In the Matter of the Estate of Susan Weinman, Deceased. John F. Williamson, as Executor, Respondent; Matthew Weinman, Appellant. [689 NYS2d 495] —Order, Surrogate's Court, New York County (Renee Roth, S.), entered April 28, 1998, which, in an accounting proceeding, denied objectant's motions to compel petitioner executor to respond to interrogatories, for partial summary judgment directing petitioner to return a legal fee he paid to himself, and for the Surrogate to recuse herself, and order, same court and Surrogate, entered November 13, 1998, which denied objectant's motion for partial summary judgment directing petitioner to return commissions he paid to himself, and imposed a $750 sanction on objectant's attorney, unanimously affirmed, without costs.

We agree with the Surrogate that the interrogatories in issue are duplicative of information that had already been obtained through earlier disclosure, and, as such, should be struck as " 'palpably improper' " notwithstanding that a motion for a protective order was not timely made (*Spancrete Northeast v Elite Assocs.*, 148 AD2d 694, 695; *Kimmel v Paul, Weiss, Rifkind, Wharton & Garrison*, 214 AD2d 453). We also agree with the Surrogate that the affidavit of objectant's former attorney raises an issue of fact as to whether objectant consented to the legal fee and commissions that petitioner paid to himself without prior court approval, that such issue precludes sum-

mary judgment directing petitioner's return of such fee and commissions, and that it should have been apparent to objectant that if his former attorney's affidavit raised an issue of consent precluding summary judgment as to the fee, the same affidavit necessarily precluded summary judgment as to the commissions (*see,* 22 NYCRR 130-1.1 [c] [1]). We have considered objectant's claim that the Surrogate should recuse herself for bias and find it to be without merit (*see, People v Moreno,* 70 NY2d 403). Concur—Sullivan, J. P., Rosenberger, Tom and Wallach, JJ.