■ STEADFAST INSURANCE COMPANY, Respondent-Appellant, v SENTINEL REAL ESTATE CORPORATION et al., Appellants-Respondents. (And a Third-Party Action.) [719 NYS2d 221] —Order, Supreme County, New York County (Harold Tompkins, J.), entered May 13, 1999, which, in a declaratory judgment action involving insurance coverage, denied defendant insureds' motion for additional discovery, unanimously affirmed, without costs. Order, same court and Justice, entered July 22, 1999, which, insofar as appealed from, denied plaintiff insurer's motion for a commission to compel the production of documents from the nonparty administrator of the subject policy, and denied defendants' cross motion to compel plaintiff to produce certain documents and to provide proper responses to defendants' notice to admit, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of granting the motion only with respect to the administrator's errors and omissions policy, and otherwise affirmed, without costs.

Defendants' present request, for all materials generated over the entire course of the parties' relationship, is made for the first time on appeal and is therefore not properly before this Court (*see, Central Buffalo Project Corp. v Rainbow Salads*, 140 AD2d 943, 944-945). In any event, the request for all documents maintained in plaintiff's databases or files, without reference to the nature of the documents or the particular claim at issue, is overly broad and therefore improper (*see, Haller v North Riverside Partners*, 189 AD2d 615).

Defendants' request for additional discovery was properly denied inasmuch as the materials relevant to the underlying

claim have already been produced (*see, Matter of Weinman*, 261 AD2d 147). The record does not support defendants' contentions that the depositions of plaintiff's representative revealed "new evidence" showing that discoverable materials have not been produced.

Similarly, plaintiff's motion for discovery of various items from the nonparty administrator of defendants' insurance policy was, except for the administrator's errors and omissions policy, properly denied upon a record showing that the items in question have been produced, or are duplicative of information already in plaintiff's possession, or do not exist. The errors and omissions policy should be disclosed as relevant to the claims in the underlying litigation.

Defendants' cross motion to compel plaintiff to provide proper responses to defendants' request for admissions and for a commission to take further depositions was properly denied, defendant having failed to cite the specific responses, out of 320, that it deems deficient. In any event, plaintiff has admitted that the documents in question were received and maintained in the ordinary course of its business by its underwriter from the administrator of defendants' policy. Accordingly, there is no need for additional depositions to authenticate these documents. Concur—Sullivan, P. J., Rosenberger, Tom, Wallach and Andrias, JJ.