Demurjian v Demurjian (2020 NY Slip Op 03479)





Demurjian v Demurjian


2020 NY Slip Op 03479


Decided on June 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2020

Renwick, J.P., Gische, Kapnick, Kern, Moulton, JJ.


154345/15 -1540

[*1] David Demurjian, et al., Plaintiffs-Appellants,
v
Michael Demurjian, et al., Defendants-Appellants, 187 Street Mazal Manager LLC, Defendant-Respondent. 661 West 187 Street LLC, Cross-Claim Defendant-Appellant.


Marshall Dennehey Warner Coleman & Goggin, P.C., New York (Nicholas P. Chrysanthem of counsel)), for David Demurjian and Richard Demurjian, appellants.
Davidoff Hutcher & Citron LLP, New York (Joshua S. Krakowsky of counsel), for Michael Demurjian and 661 West 187 Street LLC, appellants.
Solomon & Siris, P.C., Garden City (Bill Tsevis of counsel), for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered January 28, 2019, which granted the motion of defendant 187 Street Mazal Manager LLC (Mazal) to compel discovery, unanimously modified, on the law and on the facts, to deny Mazal's motion with respect to the production of tax returns, without prejudice to renewal, and otherwise affirmed, without costs.
The motion court providently deemed the appealing parties' objections waived under CPLR 3122 as a result of their failure to respond timely to Mazal's demands for production (see Haller v North Riverside Partners, 189 AD2d 615, 616 [1st Dept 1993]). We modify, however, with respect to Mazal's demands for the appealing parties' tax returns, as objections to "palpably improper" demands are not waived (id. [internal quotation marks omitted]).
A demand for the production of tax returns is disfavored and requires "a strong showing of necessity," and the inability to obtain the information from other sources (Weingarten v Braun, 158 AD3d 519, 520 [1st Dept 2018] [internal quotation marks omitted]). Here, the failure "to identify the particular information the tax returns . . . will contain and its relevance to the claims made" (id.) should have been sufficient to deny Mazal's motion to compel. Indeed, the tax returns were not necessary to determine whether plaintiffs acquired an interest in the properties in 1994 or retained it thereafter — the reason the motion court gave for granting the motion. However, Mazal argues that the tax returns could be relevant to its affirmative defenses of laches, estoppel, waiver, ratification, and consent, and the motion court did not pass on this issue. As a result, although Mazal did not sufficiently show the inability to obtain the information sought from other sources or, indeed, what specific information the appealing parties' tax returns will
show, we grant leave to renew upon a proper showing (see Williams v New York City Hous. Auth., 22 AD3d 315, 316 [1st Dept 2005]).
M-1540 - Demurjian v Demurjian, et al.
Motion to strike granted and to the extent that references to David Demurjian's deposition are deemed stricken from plaintiffs' reply brief at page 5 n 2, and otherwise denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2020
CLERK