Douglas Elliman, LLC v TWP Real Estate, LLC (2020 NY Slip Op 07700)





Douglas Elliman, LLC v TWP Real Estate, LLC


2020 NY Slip Op 07700


Decided on December 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 22, 2020

Before: Acosta, P.J., Oing, Scarpulla, Mendez, JJ. 


Index No. 152478/14 Appeal No. 12726 Case No. 2019-5816 

[*1]Douglas Elliman, LLC, Plaintiff-Appellant,
v
TWP Real Estate, LLC, Defendant-Respondent, Five East 44th LLC, Defendant. Seymour J. Weinberg, CPA, Nonparty-Respondent.


Lieb At Law, P.C., Smithtown (Mordy Yankovich of counsel), for appellant.
Marco & Sitaras, PLLC, New York (Gerasimos Liberatos of counsel), for respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered July 2, 2019, which denied plaintiff's motion, pursuant to CPLR 2308(b)(1), to compel nonparty-respondent to comply with a subpoena duces tecum requiring the production of certain bank statements and tax returns, unanimously affirmed, with costs.
At the outset, we note that plaintiff moved to compel the nonparty's compliance with its subpoena duces tecum under the incorrect subdivision of CPLR 2308. Because the subpoena was issued by an officer of the court — namely, plaintiff's counsel — it was a judicial subpoena, and therefore CPLR 2308(b)(1), which applies only to nonjudicial subpoenas, was inapplicable (see Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C2308:1). However, since plaintiff also moved for "such other and further relief as may be just, proper and equitable," we deem the motion to have been made under CPLR 3124, which affords plaintiff essentially the same relief that it seeks (see Arverne Bay Constr. Co. v Thatcher, 250 App Div 482, 483 [2d Dept 1937]).
Nevertheless, plaintiff's motion was properly denied, because it only made vague assertions that the demanded tax returns would be relevant to its claims, and did not identify "the particular information [in] the tax returns" that will aid in the prosecution of its claims (Weingarten v Braun, 158 AD3d 519, 519-520 [1st Dept 2018]; see Demurjian v Demurjian, 184 AD3d 505, 506 [1st Dept 2020]; Nanbar Realty Corp. v Pater Realty Co., 242 AD2d 208, 209 [1st Dept 1997]; Briton v Knott Hotels Corp., 111 AD2d 62, 62 [1st Dept 1985]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2020