**Liang Rui Pang v Henan Huimian, Inc.**

2024 NY Slip Op 30856(U)

March 15, 2024

Supreme Court, New York County

Docket Number: Index No. 653827/2020

Judge: Eric Schumacher

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: <u>HON. ERIC SCHUMACHER</u>

*Justice*

PART 23M

-----------------------------------------------------------------------X

LIANG RUI PANG,

INDEX NO. 653827/2020

Plaintiff,

MOTION DATE 03/15/2024

MOTION SEQ. NO. 003

- v -

HENAN HUIMIAN, INC. d/b/a HENAN FENG WEI et ano.,

Defendants.

**DECISION + ORDER ON MOTION**

-----------------------------------------------------------------------X

**NYSCEF doc nos. 91-100 and 103-110 were read on this motion to compel.**

Motion by plaintiff pursuant to CPLR 3124 for an order compelling defendants to comply with plaintiff's June 12, 2023 discovery demand for document production and pursuant to 22 NYCRR § 130-1.1 for an order awarding sanctions against defendants granted in part, there being no timely opposition submitted[1].

## BACKGROUND

Plaintiff commenced this action on August 14, 2020, by filing the summons and complaint (see NYSCEF doc no. 1). Plaintiff alleges that defendants have willfully and intentionally committed widespread violations of the New York Labor Law (hereinafter NYLL) by engaging in a pattern and practice of failing to pay its employees, including plaintiff, overtime compensation for all hours worked over 40 each workweek (see id. ¶ 3).

The court has been actively conferencing this case since April 12, 2023, and has issued multiple discovery conference orders (see NYSCEF doc nos. 82, 84, 102, 111). In the court's July 26, 2023 status conference order the court set forth that "[d]efendants shall respond to [p]laintiff's post-EBT demands [within] 30 days" (NYSCEF doc no. 84). Defendants served their responses on September 13, 2023 (see NYSCEF doc no. 90).

On October 9, 2023, plaintiff filed this motion to compel defendants to further respond to plaintiff's discovery demand for document production (see NYSCEF doc no. 91). As is relevant

---

[1] By the terms of the notice of motion in seq. no. 003, opposition papers were to be served 7 days prior to the return date of October 25, 2023 (see NYSCEF doc no. 91). At the October 25, 2023 status conference, the court adjourned the date for opposition papers to be served to November 10, 2023 (see NYSCEF doc no. 102). The court set forth on the October 25, 2023 conference order that "no further adjournments" would be permitted (id.). On November 11, 2023, defendants filed their opposition to the motion and filed a notice of cross motion. On November 12, 2023, defendants filed a memorandum of law in support of the cross motion. Defendants have not sought another extension from the court nor shown any reasonable excuse for their untimeliness. Instead, defendants have ignored a court-ordered deadline despite that the court already granted them an extension. As such, the cross motion in seq. no. 003 is denied as untimely.

653827/2020  PANG v HENAN HUIMIAN, INC et ano.
Motion No. 003

Page 1 of 4

here, plaintiff argues that defendants interposed numerous improper objections and that the response was untimely (affirmation of Troy ¶ 15).

## DISCUSSION

Defendants have "waived their right to object generally to [plaintiff's] demands by failing to respond timely with the requisite particularity" (Worldview Entertainment Holdings, Inc. v Woodrow, 204 AD3d 629, 630 [1st Dept 2022]; Demurjian v Demurjian, 184 AD3d 505, 505 [1st Dept 2020]). Here, the deadline set by the court for defendants to respond to plaintiff's demands was 30 days from the July 26, 2023 status conference, or August 25, 2023. Defendants served their responses on September 13, 2023, 19 days late. Based on the foregoing, the court finds that defendants' responses were untimely. As such, defendants have "waived objection based on any ground other than privilege or palpable impropriety" (Khatskevich v Victor, 184 AD3d 504, 505 [1st Dept 2020]; Haller v N. Riverside Partners, 189 AD2d 615, 616 [1st Dept 1993] [noting that "overly broad or unnecessarily burdensome demands may be considered palpably improper"]).

Preliminarily, defendants assert 18 general objections (NYSCEF doc no. 90). CPLR 3122(a) states that if a party objects to certain disclosure, they "shall serve a response which shall state with reasonable particularity the reasons for each objection." The court finds that the laundry list of boilerplate objections provided "would not suffice as an objection to even one interrogatory, never mind all of them" (Dvortsov v Levy, 74 Misc 3d 1229(A) [Sup Ct, NY County 2022, Lebovits, J.]). As such, the court overrules defendants' general objections 1-18.

The court further overrules defendants' specific objections to interrogatories 4, 6, 7-8, 13-16, 17-23, and 28 for the reasons indicated in plaintiff's affirmation in support of the motion and because defendants have waived their right to object generally to plaintiff's demands by failing to respond timely with the requisite particularity.

To the extent interrogatories 12 and 24 seek personal and corporate tax returns, "[a] demand for the production of tax returns is disfavored and requires a strong showing of necessity, and the inability to obtain the information from other sources" (Demurjian at 505-506, citing Weingarten v Braun, 158 AD3d 519, 520 [1st Dept 2018] [internal quotations omitted]). Although the individual tax returns are relevant as to whether defendant Yanming Ma held himself out to be a corporate officer and the corporate tax returns are relevant as to who was in control of the corporation, plaintiff has made no showing that he is unable to obtain the information sought in these tax returns from other sources. As such, the court finds interrogatories 12 and 24 to be palpably improper.

Similarly, the court finds interrogatory 1, which seeks "[a]ny and all documents of Defendants including Defendants' passports showing the dates of departure and arrival from and to the United States of America", interrogatory 5, which seeks "[a]ny and all documents of wire transfer records of Individual Defendant, including Mr. and Mrs. Ma's records in 2014 and 2015", and interrogatory 29, which seeks "[a]ny documents not already produced in response to any request above[] that Defendants may use at trial of this action", to be overly broad and thus impalpably improper.

653827/2020  PANG v HENAN HUIMIAN, INC et ano.
Motion No.  003

[* 2]

To the extent the information sought in interrogatories 9-11 and 25-27 can be found in the book of accounting filed on July 31, 2023, the court declines to compel defendants' responses. Plaintiff argues that the book of accounting is inadmissible pursuant to CPLR 2101 and cannot be relied upon because it was never translated. Yet "a party may not be compelled to procure a translation of a foreign-language document which it discloses during discovery" (Lear v New York Helicopter Corp., 190 AD2d 7, 11 [2d Dept 1993], citing Rosado v Mercedes-Benz of N. Am., Inc., 103 AD2d 395, 398 [2d Dept 1984]). CPLR 2101, which requires that papers filed in an action be printed in English or attached to a certified English translation, only applies to documents filed or introduced into evidence in an action (see Rosado at 396-397). Here, the book of accounting is not being introduced into evidence; rather, it was disclosed during the discovery process. As defendants "cannot be compelled to create new documents or other tangible items in order to comply with particular discovery applications", id. at 398, citing Slavenburg Corp. v N. Shore Equities, Inc. (76 AD2d 769, 770 [1st Dept 1980]), it is plaintiff's burden to translate the book of accounting and determine its responsiveness to the interrogatories posed before moving to compel further responses.

As such, the court directs that defendants serve further, substantive responses to interrogatories 4, 6, 7-8, 13-16, 17-23, and 28 on or before April 4, 2024. The court further directs that, to the extent that defendants previously indicated they reserved the right to supplement its interrogatory responses as responsive documents become available, defendants must now also supplement in this interrogatory response updates based on any new responsive documents that are now available.

The court further directs that the parties meet and confer on or before March 18, 2024, and make a diligent, good faith effort to resolve all outstanding discovery issues between them, set forth a plan for completing discovery in the case within a reasonable time, and present that plan jointly to the court at the next conference. While the court will hear any party at the conference as to that any particular discovery obligation is outstanding, the parties should be guided by this court's strong preference for adjudicating cases on the merits. This litigation was commenced over three years ago and the court will brook no further delay in the completion of discovery. The court expects the parties to work professionally and in good faith together with the court to complete discovery and get this 2020 case on the calendar.

As to any application pursuant to 22 NYCRR § 130-1.1, that is denied.

THIS SPACE IS INTENTIONALLY LEFT BLANK

653827/2020  PANG v HENAN HUIMIAN, INC et ano.
Motion No. 003

Page 3 of 4

3 of 4

## CONCLUSION

Accordingly, it is

ORDERED that the motion in seq. no. 003 is granted in part to the extent that it is

ORDERED that defendants must serve further, substantive interrogatory responses to interrogatories 4, 6, 7-8, 13-16, 17-23, and 28 on or before March 26, 2024; and it is further

ORDERED that the motion is otherwise denied; and it is further

ORDERED that the cross motion in seq. no. 003 is denied as untimely; and it is further

ORDERED that the parties shall meet and confer as directed on or before March 18, 2024; and it is further

ORDERED that, within five days of entry, plaintiff shall serve a copy of this order with notice of entry on defendants, and defendants shall serve a copy of this order with notice of entry on plaintiff.

The foregoing constitutes the decision and order of the court.

| | | | |
|---|---|---|---|
| **3/15/2024** | | | |
| **DATE** | | **ERIC SCHUMACHER, J.S.C.** | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

653827/2020   PANG v HENAN HUIMIAN, INC et ano.
Motion No.  003

Page 4 of 4